Jeffrey B. Cereghino, SBN 099480
Email: jbc@rocklawcal.com
Michael F. Ram, SBN 104805
Email: mram@rocklawcal.com
Susan Brown, SBN 287986
Email: sbrown@rocklawcal.com
Matt Malone, SBN 221545
Email: mjm@rocklawcal.com
RAM, OLSON, CEREGHINO
    & KOPCZYNSKI LLP
555 Montgomery Street, Suite 820
San Francisco, California 94111
Telephone: (415) 433-4949
Facsimile: (415) 433-7311

*Attorneys for Plaintiff and Proposed Class*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDD KING, DIEDRE KING, and ELMO SHEEN, on behalf of themselves and all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>NATIONAL GENERAL INSURANCE COMPANY, NATIONAL GENERAL ASSURANCE COMPANY, INTEGON NATIONAL INSURANCE COMPANY, INTEGON PREFERRED INSURANCE COMPANY, MIC GENERAL INSURANCE CORPORATION, PERSONAL EXPRESS INSURANCE COMPANY, SECURITY NATIONAL INSURANCE COMPANY, SEQUOIA INSURANCE COMPANY, and DOES1 through 200, inclusive,<br><br>        Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br><u>CLASS ACTION</u><br><br>JURY TRIAL DEMAND |

1        Plaintiffs Edd King, Diedre King, and Elmo Sheen, on their own behalf and on behalf of

2   the Class of persons defined below, pursuant to their personal knowledge as to the facts

3   pertaining to themselves and their own acts and otherwise upon information and belief as to all

4   other matters, allege as follows:

5

6   **NATURE OF THE ACTION**

7   1)     California law requires that insurance companies that write automobile coverage for

8   liability, physical damage collision "or any combination thereof" for defined private

9   passenger vehicles offer a Good Driver discount to statutorily qualified drivers. (Cal. Ins.

10  Code sections 1861.02 and 1861.025.) Such drivers are entitled to purchase a policy with

11  the lowest rate for that coverage from any company having "common ownership" or

12  operating in California under "common management or control."  Defendants are such a

13  common control group. Acting together in concert and holding themselves out to be a

14  single entity, they have unlawfully overcharged Plaintiffs and other qualified Good Drivers

15  for automobile insurance.

16  2)     Plaintiffs Edd King. Diedre King, and Elmo Sheen therefore bring this suit on behalf of

17  themselves and the following Class of persons:

18
19       All of Defendants' current and former policyholders qualified under California law to
    purchase a Good Driver Discount policy who, from January 1, 2008 through the present (the
    "Class Period"), paid premiums for Defendants' automobile policies (as defined in *Cal. Ins.*
20  *Code section 660*), but did not receive a Good Driver Discount (the lowest rates available for
    that coverage in Defendants' California-licensed common ownership, management or control
21  group (hereafter "Control Group")).

22  Excluded from the Class are (1) all present and former directors, officers, and management

23  employees of Defendants, (2) any policyholders who filed a lawsuit involving any of the

24  claims asserted here, (3) employees of Plaintiffs' Class Counsel in the case and their

25  immediate families, any judge assigned to this case and their staff, Defendants' counsel of

26  record, and their immediate families, and (4) all persons who make a timely and proper

27

1    election to be excluded from the Class.

2    3)    Throughout the Class Period and continuing to the present, Defendants have unlawfully

3    overcharged Plaintiffs and the Class members for, and wrongfully retained, automobile

4    insurance premiums in violation of Defendants' rate filings, policy and contractual

5    obligations, and/or marketing representations, and in violation of applicable California law

6    (Cal. Ins. Code §§ 660, 1861.02, 1861.025, 1861.15, and 1861.16).  Plaintiffs and all

7    members of the Class held insurance policies issued by Defendants' Control Group and

8    paid premium overcharges as a result of Defendants' unlawful acts and misrepresentations.

9    Plaintiffs and the Class are or were at times during the Class Period legally qualified "Good

10    Drivers" as defined in Cal. Ins. Code sections 1861.02 and 1861.025. Defendants failed to

11    charge them the lowest rates required to be offered by the California AmTrust Group

12    Defendants (designated as Group number 2538 by the California Department of Insurance).

13    The AmTrust Group Defendants have common ownership and operate in California under

14    common management or control as set forth in Cal. Ins. Code Section 1861.16(b).

15    4)    Plaintiffs and the Class are all policyholders of Defendant insurers who are or were

16    statutorily defined Good Drivers in the State of California during the Class Period.

17    Plaintiffs and the Class were entitled to the marketed, promised and/or filed and legally

18    required lowest premium rate offered by Defendants' Control Group for automobile

19    coverage. Defendants have systematically and uniformly failed to provide these Good

20    Driver premium rates to Plaintiffs and the Class, instead overcharging Plaintiffs and the

21    Class and thereby engaging in in unlawful, unjust, fraudulent and/or unfair business

22    practices.  These practices are designed to evade Defendants' legal obligations to provide

23    appropriate Good Driver discounts.  Defendants have failed to provide statutorily-mandated

24    discounts and have failed to refund Plaintiffs and the Class for premiums wrongfully taken

25    and retained in direct violation of Defendants' rate filings, policy and contractual

26    obligations, marketing representations and/or applicable California law.  In so doing,

27

1   Defendants have acted and continue to act without reasonable justification and in bad faith.

2   **PARTIES**

3   5)  Plaintiff, Edd King, is a natural person and citizen residing in the City and County of San

4   Francisco, California.

5   6)     Plaintiff, Diedre King, is a natural person and citizen residing in the City and County of

6   San Francisco, California.

7   7)     Plaintiff, Elmo Sheen, is a natural person and a citizen residing in the City and County

8   of Los Angeles.

9   8)     Defendant National General Insurance Company is an insurance company domiciled in

10   the State of Missouri that at times during the Class Period routinely conducted business and

11   maintained a physical presence in San Francisco County and the State of California.

12   9)     Defendant National General Assurance Company is an insurance company domiciled in

13   the State of Missouri that at times during the Class Period routinely conducted business and

14   maintained a physical presence in San Francisco County and the State of California.

15   10)    Defendant Integon National Insurance Company is an insurance company domiciled in

16   the State of North Carolina that at times during the Class Period routinely conducted

17   business, insured risks, and maintained a physical presence in San Francisco County and

18   the State of California.

19   11)    Defendant Integon Preferred Insurance Company is an insurance company domiciled in

20   the State of North Carolina that at times during the Class Period routinely conducted

21   business and maintained a physical presence in San Francisco County and the State of

22   California.

23   12)    Defendant MIC General Insurance Corporation is an insurance company domiciled in

24   the State of Michigan that at times during the Class Period, routinely conducted business

25   and maintained a physical presence in San Francisco County and the State of California.

26   13)    Defendant Personal Express Insurance Company is an insurance company domiciled in

27

1    the State of California that at times during the Class Period routinely conducted business

2    and maintained a physical presence in San Francisco County and the State of California.

3  14)    Defendant Security National Insurance Company is an insurance company domiciled in

4    the State of Delaware that at times during the Class Period, routinely conducted business

5    and maintained a physical presence in San Francisco County and the State of California.

6  15)    Defendant Sequoia Insurance Company is an insurance company domiciled in the State

7    of California that routinely conducts business and maintains a physical presence in San

8    Francisco County and the State of California.

9  16)    Defendants are related and affiliated companies within the same insurance Control

10    Group. Each of the defendant companies charged premiums and issued policies to the Class

11    member policyholders for personal lines automobile coverages that are subject to the

12    California Insurance Code provisions resulting from the passage of Proposition 103.

13    Throughout the Class Period and continuing to the present, Defendants have issued and

14    issue substantially similar policy forms, rate filings (including required lower rates for

15    Good Drivers), and marketing representations with respect to Good Driver rates.

16    Defendants' applicable rate filings and/or marketing representations with respect to the

17    offering of Good Driver discounts were all drafted, developed, filed and/or approved for

18    use by each Defendant insurer in the same or similar manner and by the same managers and

19    personnel.   A common group of representatives, agents, and/or employees of the

20    Defendants directed and committed the wrongful acts alleged here, including overcharging

21    Good Driver California policyholders for auto insurance and failing to reimburse Plaintiffs

22    and the Class for those overcharges.  The wrongful conduct emanated, substantially

23    occurred and/or was ratified by each of the Named Defendants in the State of California as

24    members of the same Control Group.

25  17)    Defendants hold themselves out as a single entity when marketing their insurance

26    products, including offering a Good Driver Discount policy for California automobile

27

1    policyholders. There is actual and/or apparent agency among the Defendants with respect to

2    the conduct, marketing of policies, marketing of Good Driver discounts and the resulting

3    legal and contractual responsibilities of each of the Defendant companies on behalf of the

4    other named Defendant companies.

5                                **JURSIDICTION AND VENUE**

6  18)    This Court has jurisdiction because Defendants conduct substantial business in the State

7    of California and have intentionally availed themselves of the markets and laws of this

8    state.  This Court also has jurisdiction pursuant to the Class Action Fairness Act ("CAFA"),

9    28 U.S.C. Section 1332 (d) (2), because the amount in controversy exceeds $5,000,000.00

10    exclusive of interest and costs and members of the Class are residents of states different

11    from one or more Defendants Finally, this Court has jurisdiction pursuant to 28 U.S.C. §

12    1332(a) as numerous members of the Class are citizens of States different from one or more

13    Defendants.

14  19)    Venue is proper pursuant to 28 U.S.C. Section 1391 (a) through (c) because Defendants

15    issued the policy contracts, premium billing statements and related forms in this Judicial

16    District.  In addition, Defendants maintained a physical presence in this Judicial District;

17    the insurance policies at issue in this litigation were negotiated and issued in this Judicial

18    District;  and/or Plaintiffs' claims arose in this Judicial District.

19                                   **BACKGROUND**

20  20)    Defendants issued automobile insurance policies to Plaintiffs and the members of the

21    Class during the Class Period. Plaintiffs and the members of the Class are or were Good

22    Drivers as defined in Cal. Ins. Code sections 1861.02 and 1861.025 throughout the terms of

23    those policies.  Exhibit A to this Complaint contains the relevant pages of Plaintiffs'

24    insurance policies that clearly show Plaintiffs' Good Driver status. Each of the Class

25    members was also a Good Driver policyholder as defined in Cal. Ins. Code Section 660,

26    and entitled to receive Defendants' advertised, filed and legally required Good Driver

27

1    premium rates at clearly ascertainable times during the Class Period.

2    21)    Plaintiffs have provided all of the information requested by Defendant insurers and the

3    authorized and licensed insurance agent representing Defendants through whom all of the

4    Plaintiffs' coverage was obtained during the Class Period, as evidenced by Defendants

5    issuing policies to Plaintiffs

6    22)    The Plaintiffs have taken all actions necessary to obtain policies from Defendants land

7    to qualify for and obtain applicable Good Driver coverage at the lowest rate offered by

8    Defendants' Control Group that they were eligible for, as well as contractually and legally

9    required to receive.

10    **DEFENDANTS' WRONGFUL PRACTICES**

11    23)    Defendants (a) contractually promised and/or (b) filed and obtained the necessary

12    regulatory approvals to offer and provide private passenger automobile coverage to

13    Defendants' insureds during the Class Period in the State of California.

14    24)    California law requires that insurance companies writing automobile coverage for

15    liability, physical damage collision "or any combination thereof" for defined private

16    passenger vehicles offer a Good Driver discount to qualified drivers. (Cal. Ins. Code

17    Sections 1861.02 and 1861.025.) Such drivers are entitled to purchase a policy with the

18    lowest rate for that type of coverage from any Control Group – i.e. any company having

19    "common ownership" or operating in California under "common management or control."

20    Cal. Ins. Code Section 1861.16(b) provides, in relevant part, as follows:

21    An agent or representative representing one or more insurers having
common ownership or operating in California under common management or

22    control shall offer, and the insurer shall sell, a good driver discount policy to a
good driver from an insurer within that common ownership, management, or

23    control group, which offers the lowest rates for that coverage.  This requirement
applies notwithstanding the underwriting guidelines of any of those insurers or

24    the underwriting guidelines of the common ownership, management, or control

25    group.

26

27    25)    The same Insurance Code Section thereafter provides a limited exception to the "lowest

rate" offer requirement for insurers within common management or control groups that meet certain strict criteria establishing genuine company independence *("Super Group Exception")*:

> Notwithstanding subdivision (b), [*quoted in part above*], insurers having common ownership and operating in California under common control are not required to sell good driver discount policies issued by other insurers within the common ownership group if the commissioner determines that the insurers satisfy each of the following conditions:
>
> (A) The business operations of the insurers are independently managed and directed.
>
> (B) The insurers do not jointly develop loss or expense statistics or other data used in ratemaking, or in the preparation of rating systems or rate filings.
>
> (C) The insurers do not jointly maintain or share loss or expense statistics, or other data used in ratemaking or in the preparation of rating systems or rate filings. This condition shall not apply if the data is generally available to the industry through a non-affiliated third party and is obtained from that third party.
>
> (D) The insurers do not utilize each other's marketing sales, or underwriting data.
>
> (E) The insurers act independently of each other in determining, filing, and applying base rates, factors, Class plans, and under-writing rules, and in the making of insurance policy forms.
>
> (F) The insurers' sales operations are separate.
>
> (G) The insurers' marketing operations are separate.
>
> (H) The insurers' policy service operations are separate.
>
> *Cal. Ins. Code Section 1861.16(c)(1):*

26)     Defendants do not meet these exception criteria, nor have they ever applied to the Department of Insurance to be classified as exempt. As a result, Defendants are and were

1    legally obligated to offer good driver rates as set out in the statute. In failing to do so,

2    Defendants have unlawfully charged and retained excessive premiums from Plaintiffs and

3    the members of the Class. Defendants charged these premiums in contravention of the

4    approved policy premiums contained in their regulatory rate filings and contrary to

5    Defendants' express and implied marketing representations.

6   27)    As requested, and as evidenced by the issuance of policies. Plaintiffs paid their

7    insurance premiums for automobile insurance as billed by Defendants, which improperly

8    included overcharges without the lowest Good Driver rate among companies in their

9    Control Group that they were entitled to receive.

10   28)    Plaintiffs and the members of the Class reasonably expected that Defendants would

11    issue correct and accurate invoices for their insurance premiums, and that the stated amount

12    owed would accord with applicable rate filings, other requirements of the law, and

13    Defendants' own representations.

14   29)    Throughout the Class Period, Defendants have engaged in a course of conduct designed

15    to conceal and/or avoid their contractual, legal and equitable obligations to policyholders

16    who have been wrongfully denied the lowest rates for the coverage(s) they were sold.

17    Defendants did not inform policyholders who had been overcharged of their right to be

18    reimbursed for their premium overpayments, and did not offer to or proceed to make the

19    required reimbursements when their errors were discovered. Moreover, as a Control Group

20    Defendants maintain and/or maintained substantially uniform and systematic policies,

21    procedures and practices designed to conceal this wrongful conduct from Plaintiffs and the

22    Class. By violating their contractual, legal and equitable obligations, Defendants have

23    acted unreasonably, in bad faith, and in violation of their fiduciary duties, and have thereby

24    significantly increased their profits at the expense of their policyholders.

25

26                        **CLASS ALLEGATIONS**

27

1    30)    This action is properly brought as a Class action for the following reasons:

2          a.    Numerosity: The Class is so numerous and geographically dispersed that joinder

3    of all members is impracticable.  Although Plaintiffs do not now know the exact number and

4    identity of Class members, they believe that there are many thousands of Class members. The

5    total number of Class members and their identities can be ascertained from Defendants' books,

6    files and electronic records.  Attempting to join and name each Class member as co-Plaintiffs

7    would be unreasonable and impracticable.

8          b.    Commonality: Common questions of law and fact predominate over any

9    individual questions.  These questions all predominate over any questions affecting only

10   individual Class members.  They include:

11              (1)      whether Defendants' failed to charge the Plaintiffs and the members of

12                       the Class the California Good Driver lowest rate available among Defendants'

13                       common ownership, management or control group as contained in Defendants'

14                       rate filings;

15              (2)      whether Defendants' failure to reimburse their policyholders for the

16                       alleged overcharged premiums is a contractual breach and/or a violation of

17                       California Insurance Code Section 483.

18              (3)      whether Defendants were required to inform all policyholders who were

19                       Good Drivers as statutorily defined, of the premium overcharges;

20              (4)      if so, whether Defendants' failure to inform and reimburse its

21                       policyholders was a violation of their fiduciary responsibilities;

22              (5)      whether the Plaintiffs and the Class are entitled to restitution,

23                       disgorgement, and other appropriate equitable relief;

24              (6)      whether Defendants have engaged in an actionable course of conduct

25                       designed to avoid and/or conceal their contractual and legal obligations to

26                       Plaintiffs and the Class, including an obligation to reimburse the Plaintiffs and

27

1    the Class members for the overcharges;

2    (7)    whether Defendants' established practices constitute a violation of their

3    fiduciary obligation to act in good faith and to engage in fair dealing with

4    insureds;

5    (8)    whether the Plaintiffs and the Class have sustained damages and the

6    proper measure of those damages;

7    (9)    whether the Plaintiffs and the Class are entitled to an award of punitive

8    damages against Defendants; and

9    (10)    whether the Plaintiffs and the Class are entitled to recover their costs,

10    attorneys' fees and prejudgment interest.

11    c.    Adequacy: The Plaintiffs will fairly and adequately protect the interests of the

12    members of the Class.  The interests of the Class are coincident with, and not antagonistic to,

13    those of the Plaintiffs.  Furthermore, the Plaintiffs are represented by experienced class action

14    counsel who will prosecute the action vigorously.

15    d.    Typicality: Plaintiffs' claims are the same as those of the other members of the

16    Class and there are no conflicts of interest between them.

17    e.    A Class action is an appropriate method for the fair and efficient adjudication of

18    this controversy because:

19    (1)    There is no special interest by Class members in individually controlling

20    the prosecution of separate actions;

21    (2)    The damages sustained by individual Class members are relatively small

22    and the expense and burden of individual litigation makes it impossible for the

23    Class members individually to redress the wrongs done to them;

24    (3)    When Defendants' liability has been adjudicated, claims of all Class

25    members can be administrated efficiently under the direction of or as determined

26    by this Court;

27

      (4)      This action will promote an orderly and expeditious administration and adjudication of the Class claims, ensuring economies of time, effort and resources will be fostered and uniformity of decisions;

      (5)      Without a class action, the Plaintiffs and the members of the Class will continue to suffer damages and Defendants' violations of law will proceed without remedy; and

      (6)      There will be no insurmountable difficulty in the management of this lawsuit as a Class action.

31)    Common liability issues exist between Defendants and all of the members of the Class. Thus, a trial of the Plaintiffs' claims will decide liability issues for all of the members of the defined Class.

32)    Defendants have acted, or refused to act, on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## LIMITATIONS

33)    Defendants knew and concealed from Plaintiffs and the Class that Defendants were overcharging the Plaintiffs and the members of the Class when they failed to provide the lowest rates for the coverage that were marketed and promised to their Good Driver insureds and/or contained in Defendants' regulatory filings, that premium statements reflected erroneous overcharges, and that Defendant failed to reimburse the Plaintiffs and the Class for premium overcharges due to failing to provide the lowest rates for Good Driver discount eligible Plaintiffs and Class members.

34)    Because of Defendants' active concealment and ongoing fraudulent actions, the Plaintiffs and the Class were not reasonably able to discover Defendants' wrongful conduct and/or discover the premium overcharges.

35)    Defendants had a fiduciary and contractual duty to Plaintiffs and the Class to disclose

1    the improper premium overcharges and refund the overcharges to the Plaintiffs and the

2    Class.

3    36)     As a result of Defendants' misrepresentations and fraudulent concealment, Defendants

4    are equitably estopped from asserting a statute of limitations defense.

5

6 **COUNT I**
**(BREACH OF CONTRACT)**

7

8    37)     Plaintiffs repeat and re-allege the allegations contained in the paragraphs above, as if

9    fully set forth here.

10    38)     Defendants entered into standard-form automobile insurance contracts with Plaintiffs

11    and the Class members they seek to represent. These are binding contracts under which the

12    rates were to be accurately calculated in accordance with the fixed rate plans and applicable

13    California law.  The premiums due for insurance coverage under these policies were to be

14    determined by: (a) applicable contractual undertakings and/or (b) regulatory filings,

15    including qualified driver Good Driver rates pursuant to Cal. Ins. Code Sections 1861.02

16    and 1861.025.  Plaintiffs and the Class  reasonably expected Defendants would comply

17    with California law and regulations by offering the lowest rates available in Defendants'

18    Control Group for insureds eligible for  the Good Driver discount

19    39)     Plaintiffs and the Class were issued insurance policies by Defendants, which required as

20    condition precedent the performance by Plaintiffs and the Class, including the payment of

21    premiums that were billed by Defendants and were required to be paid in order to obtain or

22    maintain the coverage promised in the policy contracts.

23    40)     Defendants materially breached these contracts by overcharging the Plaintiffs and the

24    members of the Class for automobile insurance.

25    41)     As a result of Defendants' material breaches of these contracts, Plaintiffs and the

26    members of the Class are entitled to an award of damages.  Alternatively, Plaintiffs and the

27

1    members of the Class are entitled to specific performance in the form of reimbursement for

2    the overpayment.

### COUNT II
### (BAD FAITH AND BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING)

42)    The Plaintiffs repeat and re-allege the allegations contained in the paragraphs above, as if fully set forth herein.

43)    Defendants entered into standard-form automobile insurance contracts with Plaintiffs and the Class members, thereby creating an insurer-insured fiduciary relationship between Defendants and each Class member.

44)    Pursuant to Defendants' fiduciary relationship with the Plaintiffs and each Class member, Defendants owed the highest duty under the law to treat each policyholder with utmost good faith and fair dealing, including duties to:

    1) accurately apply filed and approved premium rates;

    2) accurately calculate premiums due from policyholders;

    3) fully and promptly disclose any inaccuracies and overcharges at the time they were discovered;

    4) promptly resolve any premium overcharges that were inconsistent with Defendants' express and/or implied marketing representations made and/or filed rate plans;

    5) promptly reimburse policyholders for overcharges; and

    6) otherwise comply with governing law.

45)    Defendants acted unreasonably and unlawfully in relationship to the Plaintiffs and Class members, including by:

    1) failing to offer rates and calculate premiums in compliance with their contractual obligations and/or rate filings;

    2) overcharging their policyholders by not offering the lowest rate for the coverages within their Control Group;

3) failing to disclose and/or actively concealing material information concerning the rates charged to Plaintiffs and the Class; and/or

4) breaching their duties to Plaintiffs and the Class members.

Defendants' bad faith and unfair and deceptive conduct violates the covenant of good faith and fair dealing.

46)      Defendants knew their lack of disclosure, concealment of their conduct and failure to reimburse premiums to Plaintiffs and the Class was unreasonable and without justification, or Defendants deliberately acted in reckless disregard of Plaintiffs' and Class members' rights and in a manner that they knew would cause them financial harm.

47)      Defendants' bad faith conduct has harmed Plaintiffs and the members of the Class. Plaintiffs and the Class are therefore entitled to damages under the law in an amount to be established at trial.

48)      Defendants' bad faith conduct was knowing, deliberate, wanton, willful, outrageous, malicious, undertaken in conscious disregard of, and with reckless indifference to, the Plaintiffs' and the Class members' interests, and otherwise of a character warranting the imposition of punitive damages.

## COUNT III
### (UNJUST ENRICHMENT/QUANTUM MERUIT/DISGORGEMENT)

49)      Plaintiffs repeat and re-allege the allegations contained in the paragraphs above, as if fully set forth herein.

50)      Defendants wrongfully charged Plaintiffs and the Class members insurance premiums in excess of the amounts they were entitled to by contract and by law, and have  failed to reimburse Plaintiffs and the Class for those premiums.

51)      As a result of their wrongful conduct, Defendants have retained amounts due and payable to the Plaintiffs and Class members that Defendants should have paid but have improperly withheld.

1    52)    Defendants have been unjustly enriched in that they have received premiums beyond

2           what was owed, but have failed to or refused to reimburse what does not belong to them.

3    53)    Plaintiffs and the Class members are thus entitled to restitution, disgorgement, and other

4           appropriate equitable relief.

5                                   **COUNT IV**
                                   **(DECLARATORY RELIEF)**

6

7    54)    Plaintiffs repeat and re-allege the allegations contained in the paragraphs above, as if

8           fully set forth herein.

9    55)    A live, justiciable and substantial controversy exists between Plaintiffs, the Class

10          Members and Defendants as described herein, for which there is no readily available and

11          expedient remedy at law or equity.  Plaintiffs, on their own behalf and on behalf of all

12          others similarly situated, request a declaration of rights, status and legal relations in the

13          determination of the question of the right to reimbursement and the duties owed to the

14          Plaintiffs and the Class Members, as raised herein.

15   56)    Plaintiffs, on behalf of themselves and the other members of the Class, demand

16          payment of all amounts owed as more fully set forth above.

17   57)    Plaintiffs and the Class members seek declaratory relief in the form of a judgment

18          establishing that Defendants' continuing non-payment of premium overcharged amounts

19          and the above described practices  violate  the terms of their standard insuring agreements,

20          Defendants' rate filings, express and/or implied representations made to the Class by

21          Defendants and/or the obligations owed by Defendant insurance carriers under applicable

22          law.  The Plaintiffs and the Class members further request a declaration establishing the

23          damages and remedies that are due to them.

24

25

26

27                                 **COUNT V**

CASE NO. _____ -- CLASS ACTION COMPLAINT                                    16

## FRAUD AND MISREPRESENTATION

58) Plaintiffs repeat and re-allege the allegations contained in the paragraphs above, as if fully set forth herein.

59) Defendants misrepresented material facts regarding the lowest Good Driver rates they promised and were legally obligated to provide to the Plaintiffs and the Class members.

60) Defendants made express and/or implied representations that they would provide the lowest rates for the coverage offered in accordance with their rate filing plan and applicable law, but they then failed to do so, instead overcharging Plaintiffs and the Class members for policy premiums.

61) Defendants falsely represented that the premium statements were accurate calculations of the policy premiums owed by Class members as qualified Good Drivers and/or as approved and/or filed with the California Department of Insurance. Defendants knew that they should have informed the Plaintiffs and the Class members of the material inaccuracies in the premiums paid and have not taken measures to inform Plaintiffs and the Class nor reimburse them for the overcharges. Defendants have a duty to affirmatively disclose the overcharges and reimburse their policyholders who made the overpayments without delay. They have not done so.

62) Specifically, Defendants failed to disclose to the Plaintiffs and the Class:

    1) that Defendants had charged Plaintiffs and members of the Class premiums higher than the rates they were entitled to as statutorily-defined Good Drivers;

    2) the amount of the premium overcharges; and

    3) the duration of the overcharges.

Management employees within Defendants' California licensed company Control Group made these material omissions throughout the Class Period and continue to make them to this day.

63) Plaintiffs and the Class justifiably relied upon the representations of material facts, which were false and misleading.

64)     Defendants' omissions would be material to any reasonable consumer.

65)     As a direct and proximate result of Defendants' fraudulent misrepresentations, the Plaintiffs and the Class members have incurred and will continue to incur damages.

66)     Defendants' wrongful conduct entitles the Plaintiffs and the Class members to recover, in addition to their actual damages, punitive damages and attorney fees.

**COUNT VI**
**VIOLATION OF SECTION 17200 OF THE CALIFORNIA BUSINESS AND PROFESSIONS CODE**
**(Unlawful Business Practice)**

67)     Plaintiffs repeat and reallege the allegations contained in the paragraphs above, as if fully set forth herein.

68)     California Business and Professions Code § 17200 et seq prohibits acts of unfair competition, which includes unlawful business practices.

69)     Defendants engaged in unlawful business practices by violating Cal. Ins. Code sections 1861.02 and 1861.025.

70)     To this day, Defendants have continued to engage in unlawful business practices by violating Cal. Ins. Code sections 1861.02 and 1861.025 and by failing to reimburse Plaintiffs and the members of the Class for amounts charged in breach of the Cal. Ins. Code.

71)     As a direct and proximate cause of Defendants' unlawful methods of competition and unlawful acts or practices, Plaintiffs and the Class have lost money through unlawfully excessive automobile insurance premiums.

72)     As a proximate result of these same unlawful acts or practices, defendant has been unjustly enriched and should be required to make restitution to Plaintiffs and the Class pursuant to sections 17203 and 17204 of the California Business & Professions Code.

WHEREFORE, Plaintiffs on behalf of themselves and all others similarly situated, demand the relief set forth below.

1

2

**COUNT VII**
**VIOLATION OF SECTION 17200 OF THE CALIFORNIA BUSINESS AND**
**PROFESSIONS CODE**
**(Unfair Business Practice)**

3

4

73)     Plaintiffs hereby incorporate by reference the allegations contained in the preceding

5

paragraphs.

6

74)     Defendants' acts and practices, as alleged in this Complaint, constitute unfair business

7

practices that violate California Business and Professions Code § 17200 et seq.

8

75)     The wrongful charging of excessive insurance premiums and the making of false

9

representations about the premiums charged violates public policy and creates a harm to

10

Plaintiffs and the Class that vastly outweighs any utility of Defendant's conduct (of which

11

there is none). Consumers, unaware of Defendants' misrepresentations and misconduct,

12

could not have reasonably avoided the harm.

13

76)     To this day, Defendants have failed to disclose the facts concerning their insurance

14

premium overcharges, facts that would be and are material to Plaintiffs and the Class.

15

77)     As a direct and proximate cause of Defendants' unfair methods of competition and

16

unfair or deceptive acts or practices, Plaintiffs and the Class have lost money through the

17

payment of excessive insurance premiums.

18

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated,

19

demand the relief set forth below.

20

21

**COUNT VIII**
**VIOLATION OF SECTION 17200 OF THE CALIFORNIA BUSINESS AND**
**PROFESSIONS CODE**
**(Fraudulent Business Practice)**

22

23

24

78)     Plaintiffs hereby incorporate by reference the allegations contained in the preceding

25

paragraphs.

26

79)     Defendants' acts and practices as alleged in this Complaint constitute fraudulent

27

1   business practices that violate the Unfair Competition Law, Cal. Bus. & Prof. Code §17200

2   et seq. Defendants engaged in fraudulent business practices by failing to disclose material

3   facts concerning their automobile insurance rates, including that their rates violated Cal.

4   Ins. Code, and by representing that they provided to statutory Good Drivers the lowest rates

5   within their Control Group.

6   80)     Defendants' fraudulent practices were designed to induce Plaintiffs and the Class to

7   purchase and maintain automobile insurance at Defendants' illegal rates.

8   81)     As a direct and proximate cause of Defendants' fraudulent methods of competition and

9   deceptive acts or practices, Plaintiffs and the Class have lost money by overpaying for

10   automobile insurance at illegal rates.

11         WHEREFORE Plaintiffs, on their own behalf and on behalf of all others similarly

12   situated, demand the relief set out below.

13                                        **PRAYER**

14         WHEREFORE, the Plaintiffs request that the Court enter judgment in their favor and in

15   the favor of the members of the Class and against Defendants jointly and severally as follows:

16      1) Determining that the action is properly maintained as a Class action; certifying the

17         Class; certifying the Plaintiffs as Class representatives for the Class; and appointing

18         the Plaintiffs' counsel as counsel for the Class;

19      2) Awarding compensatory and punitive damages in excess of $5,000,000.00, plus

20         attorneys' fees, and costs;

21      3) Awarding pre-judgment interest;

22      4) Awarding post-judgment interest as provided by law;

23      5) Awarding suitable equitable, injunctive and declaratory relief;

24      6) Pursuant to Business and Professions Code section 17203:

25             (i)  permanently enjoining all Defendants, their employees, agents,

26                 representatives, successors, assigns, and all persons who have acted in

27

1    concert with them from further committing the acts of unfair competition

2    alleged above;

3    (ii) requiring them to restore to the Plaintiffs and the Class the money

4    acquired by Defendants' acts and practices constituting unfair

5    competition; and

6    (iii) requiring them to offer re-placement of the Plaintiffs and the Class

7    members into Defendants' California licensed Control Group companies

8    with the lowest Good Driver rate for the coverage as required by

9    California law.

10   7)  Providing such other and further relief as is just and appropriate.

11

12                              **JURY DEMAND**

13   Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiffs and the

14   members of the Class hereby demand trial by jury on all eligible claims and issues.

15

16                              Respectfully submitted,

17

18   Dated:  January 22, 2015          By: */s/ Jeffrey B. Cereghino*
                                       Jeffrey B. Cereghino, SBN 099480
19                                     Email: jbc@rocklawcal.com
                                       Michael F. Ram, SBN 104805
20                                     Email:  mram@rocklawcal.com
                                       Susan Brown, SBN 287986
21                                     Email: sbrown@rocklawcal.com
                                       Matt Malone, SBN 221545
22                                     Email: mjm@rocklawcal.com
                                       RAM, OLSON, CEREGHINO
23                                        & KOPCZYNSKI LLP
                                       555 Montgomery Street, Suite 820
24                                     San Francisco, California  94111
                                       Telephone:  (415) 433-4949
25                                     Facsimile: (415) 433-7311
                                       Jeffrey B. Cereghino, SBN 099480
26

27

CASE NO. _____  -- CLASS ACTION COMPLAINT                    21

1

*Attorneys for Plaintiffs and Proposed Class*

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

# EXHIBIT A



**Good Sam**
VEHICLE INSURANCE PLAN

PO Box 3199
Winston Salem, NC 27102-3199

EDD RUSSELL KING
1240 QUESADA AVE
SAN FRANCISCO CA  94124-3335

| Policy Number: | |
| --- | --- |
| **2001393149** | |
| Named Insured: | |
| **Edd Russell King** | |
| Policy Period: | **12:59 PM** |
| **6/2/2012 - 6/2/2013** | |
| Date of Notice: | **6/2/2012** |
| Policy Underwritten By: | |
| **National General Insurance Company** | |

**24 Hour Claim Reporting:  1-800-325-1088**
**For Policy Information: 1-888-293-5108**
**www.GMACInsurance.com**

# CA PERSONAL AUTO DECLARATIONS PAGE

New Business Effective **6/2/2012**

## Drivers and Household Residents

| #1 | **Edd Russell King** | | | | | Operator: | Principal #1 | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | **Driver Status** | **License #** | **Lic. State** | **Date of Birth** | **Gender** | **Marital Status** | **Driver Pts** | **Yrs. Licensed** |
| | Rated Driver | XXX4482 | CA | 11/11/1957 | Male | Married | 0 | 37 |
| #2 | **Diedre Lynn Johnson** | | | | | Operator: | Principal #2 | |
| | **Driver Status** | **License #** | **Lic. State** | **Date of Birth** | **Gender** | **Marital Status** | **Driver Pts** | **Yrs. Licensed** |
| | Rated Driver | XXX5464 | CA | 10/18/1960 | Female | Married | 0 | 35 |

## Insured Vehicle(s) and Schedule of Coverages

| #1 2001 OLDS AURORA 4 | **VIN:** | **Usage:** | **Annual Mileage:** |
| --- | --- | --- | --- |
| | 1G3GS64C414114545-13 | Other | 3000 |
| Garaging Location: | 94124-3335 | | |

| Coverages Provided | Limits / Deductibles | Premium |
| --- | --- | --- |
| Bodily Injury | $100,000 Each Person / $300,000 Each Accident | $165.00 |
| Property Damage | $100,000 Each Accident | $120.00 |
| Medical Payments | $5,000 Each Person / Each Accident | $32.00 |
| Uninsured / Underinsured Motorist Bodily Injury | $100,000 Each Person / $300,000 Each Accident | $39.00 |
| Other Than Collision | $250 Deductible | $127.00 |
| Collision | $500 Deductible | $277.00 |
| Collision Deductible Waiver | $500 Deductible Waiver | Included |
| Rental Reimbursement | $45 Each Day, $1350 Each Term | $45.00 |
| | **Total For This Vehicle** | **$805.00** |

| #2 2008 FORD EDGE SEL | **VIN:** | **Usage:** | **Annual Mileage:** |
| --- | --- | --- | --- |
| | 2FMDK38CX8BA69702-10 | Other | 3000 |
| Garaging Location: | 94124-3335 | | |
| **Loss Payee** | **Address** | | |
| Ford Motor Credit Company | PO Box 390910, Minneapolis MN 55439-0910 | | |

| Coverages Provided | Limits / Deductibles | Premium |
| --- | --- | --- |
| Bodily Injury | $100,000 Each Person / $300,000 Each Accident | $165.00 |
| Property Damage | $100,000 Each Accident | $120.00 |
| Medical Payments | $5,000 Each Person / Each Accident | $32.00 |
| Uninsured / Underinsured Motorist | $100,000 Each Person / $300,000 Each Accident | $39.00 |

10039CA (03012010)

| | | |
|---|---|---|
| Bodily Injury | | |
| Other Than Collision | $250 Deductible | $118.00 |
| Collision | $500 Deductible | $291.00 |
| Collision Deductible Waiver | $500 Deductible Waiver | Included |
| Rental Reimbursement | $45 Each Day, $1350 Each Term | $45.00 |
| | **Total For This Vehicle** | **$810.00** |

| | |
|---|---|
| **Combined Vehicle Premium** | **$1,615.00** |
| **Total 12 Month Policy Premium** | **$1,615.00** |

## Discounts Applied

**Policy Level**

Multi-car Discount

**Driver Level**

| | |
|---|---|
| #2 | Good Driver Discount |
| #1 | Good Driver Discount |

## Disclosure of Possible Additional Charges

The amounts below are authorized for use in this state. However, they are only charged if they apply to your policy.

| | |
|---|---|
| Nonsufficient Funds Charge | $25.00 |

## Forms and Endorsements

| Endorsement | Edition | |
|---|---|---|
| 01829 | 06011994 | SOUND RECEIVING & TRANSMITTING EQUIP COVERAGE |
| 01873 | 01011998 | LOSS PAYABLE CLAUSE |
| 01955 | 03012006 | AMENDMENT OF POLICY PROVISIONS |
| 01974 | 04011986 | SPLIT UNINSURED MOTORISTS LIMITS COVERAGE |
| 01975 | 12011999 | UNINSURED MOTORISTS COVERAGE - CA |
| 02107 | 02012000 | PERSONAL AUTO POLICY |

**Authorized Signature**

# GMAC Insurance

PO Box 3199
Winston Salem, NC 27102-3199

ELMO SHEEN
# 628
10907 MAGNOLIA BLVD
NORTH HOLLYWOOD CA 91601-3904

Policy Number:
**2001481795**
Named Insured:
**Elmo Sheen**
Policy Period:                                              **12:01 A.M.**
**7/21/2013 - 7/21/2014**
Date of Notice:                                              **6/17/2013**
Policy Underwritten By:
**National General Insurance Company**

**24 Hour Claim Reporting: 1-800-468-3466**
**For Policy Information: 1-877-325-7727**
**www.GMACInsurance.com**

Your Agent:
Maaz Insurance Agency
4212 West Burbank
Burbank CA 91505
(818) 957-2250

## CA PERSONAL AUTO DECLARATIONS PAGE
Renewal Effective **7/21/2013**

## NATIONAL GENERAL INSURANCE COMPANY

### Drivers and Household Residents

| #1 | Elmo Sheen | | | | | Operator: | Principal #1 | |
|----|------------|--|--|--|--|-----------|--------------|--|
| | Driver Status | License # | Lic. State | Date of Birth | Gender | Marital Status | Driver Pts | Yrs. Licensed |
| | Rated Driver | XXX6859 | CA | 11/18/1954 | Male | Married | 0 | 42 US;0 INT'L |
| #2 | Tara Q Quinn | | | | | Operator: | | |
| | Driver Status | License # | Lic. State | Date of Birth | Gender | Marital Status | Driver Pts | Yrs. Licensed |
| | Rated Driver | XXX6396 | CA | 8/6/1976 | Female | Married | 1 | 20 US;0 INT'L |
| | Accidents/Violations Description | | | | | | | |
| | #1 | Date:10/30/2012 | Speeding <=15 mph over, excludes state exceptions | | | | | |

### Insured Vehicle(s) and Schedule of Coverages

| #1 2008 LNDR RANGE RO | VIN: | Usage: | | Prior Term | |
|-----------------------|------|--------|--|------------|--|
| | | | | Annual Mileage: | Annual Mileage: |
| | SALSF25498A129450-22 | Other | | 12000 | 12000 |
| Garaging Location: | 91601 | | | | |

| Coverages Provided | Limits / Deductibles | Premium |
|--------------------|----------------------|---------|
| Bodily Injury | $25,000 Each Person / $50,000 Each Accident | $804.00 |
| Property Damage | $25,000 Each Accident | $380.00 |
| Uninsured / Underinsured Motorist Bodily Injury | $15,000 Each Person / $30,000 Each Accident | $202.00 |
| Other Than Collision | $1,000 Deductible | $414.00 |
| Collision | $1000 Deductible | $1,192.00 |
| Collision Deductible Waiver | $1000 Deductible Waiver | Included |
| Rental Reimbursement | $30 Each Day, $900 Each Term | $25.00 |
| **Total For This Vehicle** | | **$3,017.00** |

| | |
|--|--|
| Combined Vehicle Premium | $3,017.00 |
| Total 12 Month Policy Premium | $3,017.00 |

### Discounts Applied

| Driver Level | | |
|--------------|--|--|
| #2 | Good Driver Discount | |

10039CA (03012010)

#1                        Good Driver Discount

## Disclosure of Possible Additional Charges

The amounts below are authorized for use in this state. However, they are only charged if they apply to your policy.
Nonsufficient Funds Charge            $25.00

## Forms and Endorsements

| Endorsement | Edition | |
|---|---|---|
| 01975 | 02012012 | UNINSURED MOTORISTS COVERAGE |
| 02107 | 02012000 | PERSONAL AUTO POLICY |

_____
Authorized Signature

10039CA (03012010)