UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDD KING, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>NATIONAL GENERAL INSURANCE COMPANY, et al.,<br><br>        Defendants. | Case No.  15-cv-00313-DMR<br><br>**ORDER STAYING CASE PURSUANT TO PRIMARY JURISDICTION DOCTRINE** |

Plaintiffs[1] are qualified "Good Drivers"[2] who purchased car insurance from the Defendant insurance companies.  In this putative class action, Plaintiffs allege that Defendants are all members of a common control group under California insurance law, and that Defendants' agents and representatives therefore have a duty to cross-offer a policy with the lowest Good Driver rates for the coverage that is available within the control group, as required by California Insurance Code § 1861.16(b).[3]  Plaintiffs assert several claims for relief that attack the alleged failure to cross-offer as required by law.  Defendants' many counter-attacks include the assertion that two of

---

[1]  The named Plaintiffs are Edd and Diedre King, Elmo Sheen, and Sheila Lee.  Defendants are National General Insurance Company ("NGIC"), National General Assurance Company ("NGAC"), Integon National Insurance Company ("Integon National"), Integon Preferred Insurance Company ("Integon Preferred"), MIC General Insurance Corporation ("MIC"), Personal Express Insurance Company ("Personal Express"), and Sequoia Insurance Company ("Sequoia").

[2]  Section 1861.025 of the California Insurance Code defines criteria for individuals to qualify as "Good Drivers" who may purchase a "Good Driver Discount policy."

[3]  Section 1861.16(b) states that "[a]n agent or representative representing one or more insurers having common ownership or operating in California under common management or control shall [cross-offer] . . . ."  Plaintiffs allege that all Defendants are insurers having common ownership and/or operating under common management or control, and are therefore members of a "control group."

United States District Court
Northern District of California

1    the seven insurer Defendants (NGAC and Personal Express) are entitled to "Super Group"

2    exemptions from the cross-offer requirement, pursuant to section 1861.16(c).  Defendants also

3    contend that three Defendants (MIC, NGIC, and Integon National) can only offer policies to

4    consumers who fall into certain "affinity groups" approved by the DOI pursuant to section

5    1861.12, and therefore are restricted from making a cross-offer to consumers who are not

6    members of those groups.  For example, NGIC claims that it can only offer the relevant coverage

7    to enumerated approved groups, such as AAA, AARP organizations, Good Sam and Camping

8    World members, and others.  *See* Defs.' Third Mot. to Dismiss [Docket No. 95] at 19.

9           The parties currently are in their third round of motions on the pleadings pursuant to

10   Federal Rule of Procedure 12.  In the first round, Defendants argued, among other things, that this

11   court did not have jurisdiction over Plaintiffs' claims because they fell within the exclusive

12   jurisdiction of the California Insurance Commissioner.  The court examined the question at length,

13   and rejected Defendants' argument.  *See King v. Nat'l Gen. Ins. Co.,* 129 F. Supp. 3d 925, 933-

14   936 (N.D. Cal. 2015) ("*King I*").  In so holding, the court determined that Plaintiffs' challenge to

15   the failure to cross-offer did not implicate the Department of Insurance's ("DOI") exclusive rate-

16   making authority:

17          Plaintiffs do not challenge the reasonableness of any particular insurance rate, nor
            do they attack acts done pursuant to the DOI's rate-making authority.  Instead,
18          Plaintiffs challenge Defendants' allegedly wrongful application of the approved
            rates, i.e., the conduct and practices that result in Plaintiffs being offered a policy
19          with a higher DOI-approved rate when they should have been offered a policy with
            a lower DOI-approved rate.  Thus, neither [California Insurance Code] Section
20          1860.1 nor the filed rate doctrine precludes Plaintiffs from litigating their claims in
            this court.
21

22   *Id.* at 936.

23          In the same order, however, the court noted that even though it rejected

24   Defendants' argument that the entire case fell within the exclusive jurisdiction of the DOI,

25   it still had concerns about "whether *some* aspects of [the] case may fall within the

26   jurisdiction of the DOI – e.g., the determination of whether the Super Group exemption

27   under California Insurance Code § 1891.16(c)(1) applies to any Defendant, or whether a

28
                                                    2

Defendant's approved rates apply only to certain enumerated 'affinity groups.'" *King I*, 129 F. Supp. 3d at 936, n.6. (emphasis in original). The court declined to reach the issue because the parties failed to raise it or brief it. *Id.*

In the second round of Rule 12 briefing, the court held that Plaintiffs' pleadings were still defective because the operative complaint placed the cross-offer obligation on the Defendant insurers, even though the plain language of Section 1861.16(b) places the cross-offer requirement on "agents and representatives," and not on insurers:

> Under a plain reading of the statute, the duty to cross-offer is placed on "an agent or representative representing one or more insurers having common ownership or operating under common management or control." By contrast, the statute requires the insurer to "sell" the discounted policy that the agent or representative is required to "offer." Here, Plaintiffs do not challenge any agents' or representatives' failure to cross-offer discounted policies. Instead, they bring suit only against the Defendant insurers themselves. . . . This pleading places the cross-offer requirement on the wrong actors.
>
> As currently pleaded, Plaintiffs' allegations avoid important distinctions among relevant potential actors. For example, "agents" and "representatives" act on behalf of insurers. Thus, an "insurance agent" is a person authorized to act on behalf of an insurer. Cal. Ins. Code § 31. Similarly, section 1861.16(b) defines a "representative" as a "person who offers or prepares premium quotations on behalf of either an insurer or any entity acting directly or indirectly on behalf of an insurer." By contrast, an "insurance broker" transacts insurance with, but not on behalf of, an insurer. Cal. Ins. Code § 33. See also Cal. Ins. Code § 1623(a) (insurance broker is "a person who, for compensation and on behalf of another person, transacts insurance other than life insurance with, but not on behalf of, an admitted insurer.") Unlike insurance agents and representatives, an insurance broker is not an agent of, and cannot bind the insurer. Conversely, the insurer is not liable for the broker's acts or omissions. *Rios v. Scottsdale Ins. Co.*, 119 Cal. App. 4th 1020, 1026 (2004); *Kurtz, Richards, Wilson & Co. v. Ins. Communicators Marketing Corp.*, 12 Cal. App. 4th 1249, 1257–1258 (1993).

*King v. Nat'l Gen. Ins. Co.*, 186 F. Supp. 3d 1062, 1072 (N.D. Cal. 2016) ("*King II*").

In the third and current round of Rule 12 briefing, Plaintiffs have unveiled a new theory. They allege that Defendants exert control over their agents and representatives with respect to the matters relevant to this case, and that "Defendants implemented a secret scheme to circumvent the statutory mandates by concealing and intentionally not

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

disclosing to their agents, representatives and brokers the applicability of the requirements of Cal. Ins. Code Section 1861.16(b) to their Control Group . . . ."  This "secret scheme" allegedly included making "false representations of material facts" in the applications for a Super Group exemption for Defendants NGAC and Personal Express.  Third Amended Complaint ("TAC") [Docket No. 93] at ¶¶ 36, 40-44.  In other words, Plaintiffs assert that Defendants control the actions of their agents and representatives, and that those agents and representatives failed to cross-offer pursuant to Section 1861.16(b) because Defendants concealed the fact that the agents and representatives were obligated to make the cross-offers.

After oral argument on Defendants' Motion to Dismiss the Third Amended Complaint, the court issued an order for supplemental briefing on the question of whether determination of "Super Group" status is within the exclusive jurisdiction of the DOI.  The court also asked for briefing on whether it should exercise its discretion under the primary jurisdiction doctrine to defer determination of Super Group status to the expertise of the DOI, and to stay this case pending the DOI's decision.

As this court previously held, California Insurance Code § 1860.1 gives the DOI exclusive jurisdiction over challenges to the reasonableness of approved rates.  However, section 1861.1 immunity must be "narrowly constru[ed]," and "where the plaintiff's claim does not involve a challenge to a rate approved by the DOI or DOI's ratemaking authority, the claim does not fall within the exclusive jurisdiction of the DOI and the plaintiff may bring the claim in court in the first instance."  *King I*, 129 F. Supp. 3d at 935 (citation omitted).  Plaintiffs' claims attacking the failure to cross-offer do not amount to a challenge to the reasonableness of DOI-approved rates, and therefore are not precluded by section 1860.1.  *Id.* at 933-36.  Embedded within Plaintiffs' claims, however, is the question of whether Defendants NGAC and Personal Express are entitled to a Super Group

4

exemption from the duty to cross-offer, pursuant to section 1861.16(c).  The court now analyzes whether it must leave this determination to the sole authority of the DOI,[4] or whether it has jurisdiction over the determination of Super Group status.

Section 1861.16(c) sets forth an exemption from the cross-offer obligation for insurers within a control group who satisfy a set of conditions such that they are entitled to so-called Super Group status.  The plain language of the statute indicates that it is the Insurance Commissioner who determines whether an insurer has satisfied those conditions:

> (c)(1) Notwithstanding subdivision (b), insurers having common ownership and operating in California under common control are not required to sell good driver discount policies issued by other insurers within the common ownership group *if the commissioner determines* that the insurers satisfy each of the following conditions:
>
> (A) The business operations of the insurers are independently managed and directed.
>
> (B) The insurers do not jointly develop loss or expense statistics or other data used in ratemaking, or in the preparation of rating systems or rate filings.
>
> (C) The insurers do not jointly maintain or share loss or expense statistics, or other data used in ratemaking or in the preparation of rating systems or rate filings. This condition shall not apply if the data is generally available to the industry through a nonaffiliated third party and is obtained from that third party.
>
> (D) The insurers do not utilize each others' marketing, sales, or underwriting data.
>
> (E) The insurers act independently of each other in determining, filing, and applying base rates, factors, class plans, and underwriting rules, and in the making of insurance policy forms.

---

[4]  The parties dispute whether the DOI has already made a determination about Super Group status.  They argue over the import of the DOI's use of the notation "approved" on Defendants' NGAC and Personal Express's applications for Super Group status, (also known as "Exhibit 19s"), filed with the DOI.  Defendants claim that this notation shows that the DOI already approved a Super Group exemption for NGAC and Personal Express.  *See* Defs' Third Mot. to Dismiss at 17-18.  Plaintiffs argue that the DOI file specifically disavows this by stating that "[t]his approval does not constitute an approval of underwriting guidelines nor the specific language, coverages, terms, covenants and conditions contained in any forms, or of the forms themselves."  *See* Plfs' Opp. to Third Mot. to Dismiss [Docket No. 103] at 11-12 (emphasis in original omitted).

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

    (F) The insurers' sales operations are separate.

    (G) The insurers' marketing operations are separate.

    (H) The insurers' policy service operations are separate.

Cal.  Ins. Code §1861.16(c) (emphasis added).

   The express language of section 1861.16(c) supports Defendants' position, as it states that the Insurance Commissioner determines whether an insurer satisfies the conditions for a Super Group exemption.  However, the wording of the statute does not necessarily lead to the conclusion that the Insurance Commissioner has exclusive authority to make such a decision.  Indeed, in examining the section 1861.16(c) criteria, a determination of Super Group status is not a "rate-making" decision that falls squarely within the ambit of section 1861.1's zone of exclusive jurisdiction.  Instead, the section 1861.16(c) criteria examine whether the applicant insurer acts separately and independently from the other insurers in the same control group with respect to various operational functions, including use of ratemaking, marketing and underwriting data, rate filings, and base rate determinations, to name a few.

   The court does not decide here whether determination of Super Group status *must* be made by the Insurance Commissioner, for it finds that such a decision *should* be made by the Insurance Commissioner through application of the primary jurisdiction doctrine.  A court may exercise its discretion to invoke the primary jurisdiction doctrine where an issue "is ordinarily cognizable in the courts, but is also subject to a regulatory scheme that is enforced by an administrative body of special competence."  *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1051 (9th Cir. 2000) (citing *Farmers Ins. Exch. v. Superior Court*, 2 Cal. 4th 377 (1992)).

   Courts do not apply a "rigid formula" in deciding whether to invoke the primary

jurisdiction doctrine.  *Chabner*, 225 F.3d at 1051 (citation omitted).  "Rather, resolution hinges on the extent to which the application of the doctrine would serve two underlying policies . . .  (1) whether application will enhance court decision-making and efficiency by allowing the court to take advantage of administrative expertise; and (2) whether application will help assure uniform application of regulatory laws.  *Id*.; *see also Farmers*, 2 Cal. 4th at 396-401 (applying primary jurisdiction doctrine to issue a stay pending administrative action by the California Insurance Commissioner in case challenging alleged unfair business practice of refusing to offer good driver discount to eligible applicants); *Stevenson v. Allstate Ins. Co.*, No. 15-cv-4788 YGR, 2016 WL 1056137, at *8 (N.D. Cal. Mar. 17, 2016) (staying case pending referral to California Insurance Commissioner to determine whether insurer complied with rating regulations).

The court finds that deferring the determination of Super Group status to the Insurance Commissioner will enhance decision-making and efficiency by taking advantage of the DOI's administrative expertise.  As noted above, section 1861.16(c) expressly provides that it is the Insurance Commissioner who determines eligibility for Super Group status.  In this way, the legislature recognized the DOI's expertise and fluency in the specialized areas that must be analyzed in deciding entitlement to Super Group status.  The Super Group analysis calls for a deep dive into specialized information, such as "determining, filing, and applying base rates, factors, class plans, and underwriting rules," and "develop[ing] loss or expense statistics or other data used in ratemaking, or in the preparation of rating systems or rate filings."  *See* Cal. Ins. Code § 1861.16(c)(1)(B), (E). The judicial decisionmaking in the instant case will be greatly enhanced by DOI's administrative expertise and decisionmaking on the Super Group exemption question. Moreover, deferring the Super Group determination to the DOI will also avoid the risk of inconsistent application of a regulatory statute that expressly vests decisionmaking

authority in the DOI, rather than the courts.[5]

The court asked the parties to address whether Plaintiffs could challenge Personal Express and NGAC's asserted Super Group status before the Insurance Commissioner, and if so, how.  12/29/16 Order [Docket No. 114].  Defendants respond that Plaintiffs can do so by filing a written complaint with the DOI.  Defs' 1/13/17 Supp. Br. [Docket No. 115]. Plaintiffs dodge the court's question by asserting that there is "no mechanism to seek relief [from the DOI] on behalf of a class of individuals."  Plfs' 1/13/17 Supp. Br. at 1 [Docket No. 116].   This misses the point.  Plaintiffs need only seek a determination on whether NGAC and Personal Express are entitled to a Super Group exemption.  Plaintiffs point to no authority stating that a single complainant would not be able to obtain such a determination by filing a complaint with the DOI.

Once the DOI determines whether Defendants NGAC and Personal Express are entitled to Super Group exemptions, those determinations can be applied to this case.  For this reason, it is appropriate stay this matter rather than dismiss it.  *Astiana v. Hain Celestial Group*, 783 F.3d 753, 761 (9th Cir. 2015) ("[W]hen a court invokes primary jurisdiction 'but further judicial proceedings are contemplated, then jurisdiction should be retained by a stay of proceedings, not relinquished by a dismissal.'") (citation omitted).

The court stays this case, pending a decision by the DOI regarding the Super Group status of Defendants NGAC and Personal Express.  The parties shall notify the court of the

---

[5] As previously mentioned, the parties also dispute the effect of "affinity group" policies.  Three of the Defendant insurers claim that they are restricted from cross-offering policies to consumers who do not belong to enumerated affinity groups for which they obtained approval pursuant to section 1861.12.  Plaintiffs counter that section 1861.16(b) does not provide an exemption from the cross-offer obligation for "affinity group" policies.  Although this dispute appears to raise a question of statutory interpretation, the parties have not adequately addressed whether the affinity group issue also raises questions of exclusive jurisdiction.   Defendants raised the issue in their supplemental briefing in one paragraph without case citations.  Defs' 10/24/16 Supp. Br. at 7 [Docket No. 112].  Plaintiffs have not yet weighed in on the issue.  The court therefore declines to reach the question at this time.

DOI decision within 14 days of that decision.  The court denies Defendants' Motion to Dismiss the Third Amended Complaint and Motion to Strike the Third Amended Complaint without prejudice to reasserting both motions once the stay has been lifted.

**IT IS SO ORDERED.**

Dated: February 14, 2017



Donna M. Ryu
United States Magistrate Judge

United States District Court
Northern District of California

9