UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDD KING, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>NATIONAL GENERAL INSURANCE COMPANY, et al.,<br><br>    Defendants. | Case No. 15-cv-00313-DMR<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO APPLY THE DISCOVERY RULE**<br><br>Re: Dkt. No. 255 |

In a joint discovery letter dated December 22, 2022, Plaintiffs invoked the discovery rule and sought to obtain discovery extending back to January 1, 2008. [Docket No. 239.] At the February 9, 2023 hearing on the discovery dispute, the court ordered Plaintiffs to file a brief setting out the law and facts in support of their position that the liability period in this putative class action should extend back to 2008. [Docket No. 251 ("Minute Order").] Plaintiffs timely filed a motion to apply the discovery rule. [Docket No. 255 ("Mot.").] Defendants opposed and Plaintiffs replied. [Docket Nos. 257 ("Opp."); 259 ("Reply").] This matter is suitable for determination without oral argument. Civ. L. R. 7-1(b). Plaintiffs' motion is denied.

In general, a claim accrues upon "the occurrence of the last element essential to the cause of action." *Darringer v. Intuitive Surgical, Inc.*, No. 5:15-CV-00300-RMW, 2015 WL 4623935, at *3 (N.D. Cal. Aug. 3, 2015) (quoting *Aryeh v. Canon Bus. Solutions, Inc.*, 55 Cal.4th 1185, 1191 (2013)). "An important exception to the general rule of accrual is the discovery rule, which postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." *Rushing v. Williams-Sonoma, Inc.*, No. 16-CV-01421-WHO, 2022 WL 2833980, at *4 (N.D. Cal. July 20, 2022) (quoting *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 807 (2005)).

1  Plaintiffs contend that the discovery rule applies to their claims.  However, no one has
2  argued that Plaintiffs' claims would be barred but-for application of the discovery rule.  To the
3  contrary, Defendants acknowledge that "Plaintiffs filed their Complaint on January 22, 2015, and
4  timely asserted claims that carry a four-year statute of limitations."  Opp'n at 1.

5  As Defendants point out, Plaintiffs have not explained the significance of the discovery
6  rule with regards to the temporal scope of the class.  Opp'n at 1, 5.  They do not cite a single case
7  discussing the effect of the discovery rule on the potential temporal scope of a class action.  They
8  also failed to submit any facts or evidence related to putative class members.  On reply, Plaintiffs
9  assert only that "a reasonable class member would not have discovered her claim against National
10 General before this case was filed, making the discovery rule applicable classwide."  Reply at 1.
11 They aver that "whether the discovery rule applies to the class claims presents common questions
12 of fact and law to be resolved at a classwide trial, not on a discovery motion."  *Id.*

13 The court disagrees.  As noted above, Plaintiffs were specifically ordered to file a brief
14 supporting their claim that the liability period in this case should go back to 2008.  *See* Minute
15 Order.  Plaintiffs have not made this showing.  Accordingly, Plaintiffs' motion to apply the
16 discovery rule is denied.

18 **IT IS SO ORDERED.**
19 Dated: April 17, 2023

_____
Donna M. Ryu
Chief Magistrate Judge