UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDD KING, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>NATIONAL GENERAL INSURANCE COMPANY, et al.,<br><br>        Defendants. | Case No. 15-cv-00313-DMR<br><br>**ORDER RE: SUPPLEMENTAL BRIEFING** |

Plaintiffs' claims are predicated on violations of California Insurance Code § 1861.16(b), which states: "An agent or representative representing one or more insurers having common ownership or operating in California under common management or control shall offer, and the insurer shall sell, a good driver discount policy to a good driver from an insurer within that common ownership, management, or control group, which offers the lowest rates for that coverage."

To date, the parties have not queued up, and the court has not ruled on several fundamental statutory interpretation questions related to section 1861.16(b). A determination on these legal issues is necessary to analyze pending motions which raise whether (1) Plaintiffs have standing to bring their claims, and (2) Plaintiffs have met their burden to certify a class under Federal Rule of Civil Procedure 23.

The parties shall submit supplemental briefing on the following questions:

(1) ***Meaning of "control group" under California Insurance Code §1861.16(b).***

    Plaintiffs assert that Defendants are all part of the same "control group" under section 1861.16(b). What is the statutory meaning of "control group?" Put another way, how should a jury be instructed about the meaning of "control group?"

(2) **Duty to cross-offer.** How exactly does the duty to cross-offer operate? Which agent(s) or representative(s) of which insurer(s) have a duty to offer a good driver discount policy under section 1861.16(b) and when? Relatedly, which insurer(s) have a duty to sell a good driver discount under the statute (for example, is it the insurer that offers the policy or the insurer that offers the lowest rates for that coverage?)

(3) **Liability.** Is each insurer in a control group liable for the actions of other insurers in the control group under section 1861.16(b)? If so, how? If not, why?

(4) **Comparable policies.** The parties dispute the meaning of "that coverage" as used in section 1861.16(b). What is the statutory meaning of "that coverage"? How should a jury be instructed about the meaning of "that coverage"?

(5) **Eligibility.** The parties dispute whether insurers in a control group under section 1861.16(b) have a duty to cross-offer coverage from an affinity group plan. Explain your position, including all relevant statutory and/or regulatory interpretations.

The NG Defendants and Plaintiffs shall address these questions by filing a supplemental brief no longer than fifteen pages by January 10, 2024. Each side may file an eight-page responsive brief by January 17, 2024. The briefs must meaningfully engage with the statutory and regulatory language and cite authority on statutory interpretation, including legislative history as appropriate.

**IT IS SO ORDERED.**

Dated: December 22, 2023

Donna M. Ryu
Chief Magistrate Judge