UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDD KING, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>NATIONAL GENERAL INSURANCE COMPANY, et al.,<br><br>    Defendants. | Case No. 15-cv-00313-DMR<br><br>**ORDER ON MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 355, 359, 381 |

Defendant Sequoia Insurance Company ("Sequoia") filed a motion for summary judgment on September 11, 2023. [Docket Nos. 344.] The parties filed Administrative Motions to Consider Whether Another Party's Material Should Be Sealed in connection with the motion. [Docket Nos. 355 (refiled pursuant to court order at Docket No. 381) ("Pltfs' Mot."), 359 ("Sequoia's Mot.").] The court previously granted the motion for summary judgment (Docket No. 401) and now addresses the motions to seal.

In assessing whether documents may be filed under seal, there is "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). The Ninth Circuit established standards governing requests to seal in *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006). In accordance with the strong public policy favoring access to court records, "[a] party seeking to seal a judicial record . . . bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Id.* at 1178. "Under this stringent standard, a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–97 (9th Cir. 2016) (quoting *Kamakana*, 447 F.3d at 1179). Those reasons must "outweigh the general history of access

1   the public policies favoring disclosure, such as the 'public interest in understanding the judicial
2   process.'" *Kamakana*, 447 F.3d at 1178-79 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434
3   (9th Cir. 1995)).  The court must "conscientiously balance[ ] the competing interests of the public
4   and the party who seeks to keep" the records secret.  *Id.* at 1179.

5        The Ninth Circuit has "carved out an exception to the presumption of access to judicial
6   records" for "court records attached only to non-dispositive motions."  *Id.* (quoting *Foltz*, 331 F.3d
7   at 1135).  The court reasoned that "the public has less of a need for access to court records
8   attached only to non-dispositive motions because those documents are often 'unrelated, or only
9   tangentially related, to the underlying cause of action.'"  *Id.* (quoting *Foltz*, 331 F.3d at 1135).  "A
10  'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-
11  dispositive motions."  *Id.* at 1180 (citing *Foltz*, 331 F.3d at 1135).  The Ninth Circuit has
12  distinguished "dispositive" and "non-dispositive" motions.  *Ctr. for Auto Safety*, 809 F.3d at 1097-
13  98.  These terms are not "mechanical classifications" and "public access [to judicial records] will
14  turn on whether the motion is more than tangentially related to the merits of a case."  *Id.* at 1097,
15  1101.  Therefore, a party must satisfy the more demanding "compelling reasons" standard to seal a
16  motion that is more than tangentially related to the merits of the case.  *Id.* at 1101-02.

17        The pending motion for summary judgment is "more than tangentially related to the merits
18  of" the case.  Accordingly, the "compelling reasons" standard applies to the pending
19  administrative motions to seal.

20        In general, compelling reasons exist to seal materials that are "sources of business
21  information that might harm a litigant's competitive standing."  *Ctr. for Auto Safety*, 809 F.3d at
22  1097 (quoting *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 599 (1978)).  Such documents can
23  include "trade secrets, marketing strategies, product development plans, detailed product-specific
24  financial information, customer information, internal reports and other such materials."  *In re*
25  *Google Location History Litig.*, 514 F. Supp. 3d 1147, 1162 (N.D. Cal. 2021).  Furthermore,
26  "confidential business information in the form of license agreements, financial terms, details of
27  confidential licensing negotiations, and business strategies satisfies the "compelling reasons"
28  standard."  *Baird v. BlackRock Inst. Tr. Co.*, 403 F. Supp. 3d 765, 792 (N.D. Cal. 2019); *see also*

*Stafford v. Rite Aid Corp.*, No. 17-cv-1340-AJB-JLB, 2019 WL 3818015, at *1 (S.D. Cal. Aug. 14, 2019) (granting motion to seal confidential agreements between a party and a third-party).

### A. Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed

As the designating parties under Civil Local Rule 79-5(f), the National General Defendants[1] filed a statement in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.[2]  [*See* Docket No. 383 (Marc R. Jacobs Decl., Nov. 13, 2023).]  The National General Defendants seek to seal only some of the documents identified by Plaintiffs, namely: portions of Scott Brown's declaration and Exhibit E to his declaration (excerpt of data produced by the National General Defendants for the named Plaintiffs' policies), Exhibit 8-1 (excerpt of data produced by the National General Defendants referencing Sheila Lee's policy), Exhibit 8-2 (excerpt of data produced by the National General Defendants referencing Elmo Sheen's policy), Exhibit 10 (Seller Disclosure Letter to Stock Purchase Agreement), and Exhibits 109, 110, and 111 (intercompany agreements).  They also seek to seal text in Plaintiffs' opposition that refers or cites to these documents.  The National General Defendants assert that these materials contain confidential information pertaining to their business practices, confidential policyholder information such as premiums charged, and competitively sensitive information regarding the National General Defendants' customer database.  Jacobs Decl. ¶¶ 5-6.  Plaintiffs do not oppose the National General Defendants' sealing request.

Plaintiffs' motion to seal is granted in part and denied in part because compelling reasons to seal the records identified by the National General Defendants outweigh the public interest in accessing materials that the court did not rely on in its summary judgment decision, i.e., Scott Brown's declaration and Exhibit E attached thereto, along with Exhibits 8-1 and 8-2.  *See Lesnik v. Eisenmann SE*, No. 16-cv-01120-LHK, 2021 WL 2093062, at *2 (N.D. Cal. Feb. 12, 2021)

---

[1] The National General Defendants are National General Insurance Company, Integon National Insurance Company, Integon Preferred Insurance Company, MIC General Insurance Corporation, and Personal Express Insurance Company.

[2] The court notes that National General Defendants did not file a statement in support of Plaintiff's original Motion to Consider Whether Another Party's Material Should Be Sealed (Docket No. 355).

1  (granting motion to seal where court did not rely on any of the information the parties sought to
2  seal and "therefore, the public interest in access to this information is minimal").

3      In addition, Exhibits 10, 109, 110, and 111 contain confidential business information.
4  Compelling reasons exist to seal the seller disclosure letter and intercompany agreements because
5  they each contain information that "would harm a designating party's competitive standing and
6  divulge terms of confidential contracts or contract negotiations." *DeMartini v. Microsoft Corp.*,
7  No. 22-CV-08991-JSC, 2023 WL 4205770, at *2 (N.D. Cal. June 26, 2023). However, the court
8  does not find compelling reasons to protect discussions of these documents in Plaintiffs'
9  opposition brief because the discussion is a generalized characterization of the documents and/or
10 does not reveal specific confidential information.

11      By **February 9, 2024**, Plaintiffs are directed to re-file their opposition brief consistent with
12 this order.

### B. Sequoia's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed

15  Sequoia filed an Administrative Motion to Consider Whether Another Party's Material
16 Should Be Sealed on October 2, 2023, seeking to seal (i) certain portions of its reply brief, and (ii)
17 the deposition transcripts of Rainy Tayal, Michael Juszczakiewicz, Brenda Castellano, and Byron
18 Storms. Pursuant to Civil Local Rule 79-5(f)(3), the National General Defendants, as the
19 designating parties, had seven days to file a statement and/or declaration if they wished to seek
20 sealing of the materials.

21  Nothing has been filed to support sealing the four transcripts or references to the
22 transcripts in Sequoia's reply brief. In addition, Sequoia seeks to seal the transcripts in their
23 entirety, in violation of Civil Local Rule 79-5(a). Accordingly, the provisionally sealed material is
24 unsealed. *See* Civ. L.R. 79-5(f)(3). By **February 9, 2024**, Sequoia is directed to re-file
25 unredacted versions of its reply brief and the deposition transcripts of Rainy Tayal, Michael
26 Juszczakiewicz, Brenda Castellano, and Byron Storms.

27  For the foregoing reasons, Plaintiffs' Administrative Motion to Consider Whether Another
28 Party's Material Should Be Sealed is granted in part and denied in part. Sequoia's motion is

denied.  This order terminates Docket Nos. 355, 359, and 381.

**IT IS SO ORDERED.**

Dated: February 2, 2024

_____
Donna M. Ryu
Chief Magistrate Judge