UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDD KING, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>NATIONAL GENERAL INSURANCE COMPANY, et al.,<br><br>        Defendants. | Case No. 15-cv-00313-DMR<br><br>**MOTIONS TO SEAL**<br><br>Re: Dkt. No. 302, 346, 347, 364, 370, 394 |

Plaintiffs filed a motion for class certification on July 7, 2023. [Docket No. 309.] In connection with this motion, the parties filed six administrative sealing motions. [Docket Nos. 302, 346, 347, 364, 370, 394.] The court addresses the motions to seal in connection with the court's order denying Plaintiff's motion for class certification without prejudice to renewal. [Docket No. 422.]

In assessing whether documents may be filed under seal, there is "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). The Ninth Circuit established standards governing requests to seal in *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006). In accordance with the strong public policy favoring access to court records, "[a] party seeking to seal a judicial record . . . bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Id.* at 1178. "Under this stringent standard, a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–97 (9th Cir. 2016) (quoting *Kamakana*, 447 F.3d at 1179). Those reasons must "outweigh the general history of access and the public policies favoring disclosure, such as the 'public interest in understanding the judicial

process.'" *Kamakana*, 447 F.3d at 1178-79 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). The court must "conscientiously balance[ ] the competing interests of the public and the party who seeks to keep" the records secret. *Id.* at 1179.

The Ninth Circuit has "carved out an exception to the presumption of access to judicial records" for "court records attached only to non-dispositive motions." *Id.* (quoting *Foltz*, 331 F.3d at 1135). The court reasoned that "the public has less of a need for access to court records attached only to non-dispositive motions because those documents are often 'unrelated, or only tangentially related, to the underlying cause of action.'" *Id.* (quoting *Foltz*, 331 F.3d at 1135). "A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions." *Id.* at 1180 (citing *Foltz*, 331 F.3d at 1135). The Ninth Circuit has distinguished "dispositive" and "non-dispositive" motions. *Ctr. for Auto Safety*, 809 F.3d at 1097-98. These terms are not "mechanical classifications" and "public access [to judicial records] will turn on whether the motion is more than tangentially related to the merits of a case." *Id.* at 1097, 1101. Therefore, a party must satisfy the more demanding "compelling reasons" standard to seal a motion that is more than tangentially related to the merits of the case. *Id.* at 1101-02.

Plaintiff's motion for class certification is "more than tangentially related to the merits of" the case. Accordingly, the "compelling reasons" standard applies to the pending administrative motions to seal.

In general, compelling reasons exist to seal materials that are "sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 599 (1978)). Such documents can include "trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports and other such materials." *In re Google Location History Litig.*, 514 F. Supp. 3d 1147, 1162 (N.D. Cal. 2021). Furthermore, "confidential business information in the form of license agreements, financial terms, details of confidential licensing negotiations, and business strategies satisfies the "compelling reasons" standard." *Baird v. BlackRock Inst. Tr. Co.*, 403 F. Supp. 3d 765, 792 (N.D. Cal. 2019); *see also Stafford v. Rite Aid Corp.*, No. 17-cv-1340-AJB-JLB, 2019 WL 3818015, at *1 (S.D. Cal. Aug.

14, 2019) (granting motion to seal confidential agreements between a party and a third-party).

## I.   PLAINTIFFS' SEALING MOTIONS

Pursuant to Civil Local Rules 7-11 and 79-5(f), Plaintiffs filed four administrative motions to consider whether another party's material should be sealed. [Docket Nos. 302, 364, 370, 394.] As the designating parties under Civil Local Rule 79-5(f), Defendants filed two statements in support. [Docket Nos. 310, 376.] Defendants seek to seal only some of the materials identified by Plaintiffs, arguing that the materials contain confidential information pertaining to their business practices and email communications, competitively sensitive information regarding Defendants' training practices and affinity products, and information from Defendants' confidential policyholder databases. Plaintiffs do not oppose Defendants' sealing requests.

### A.   Docket Nos. 302 and 394

Docket Numbers 302 and 394 are sealing motions regarding the exact same material. Defendants filed one statement in support of the motions. [Docket No. 310 (Jesse Contreras Decl., July 10, 2023).] The court makes the following rulings for both motions.

| Document | Text, Portions, or Document to be Sealed | Basis for Confidentiality |
|---|---|---|
| Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Class Certification ("Class Certification Brief") | Page 2, lines 25 – 26. | GRANTED.  The court did not rely on this information in its order. *See Lesnik v. Eisenmann SE*, No. 16-cv-01120-LHK, 2021 WL 2093062, at *2 (N.D. Cal. Feb. 12, 2021) (granting motion to seal where court did not rely on any of the information the parties sought to seal and "therefore, the public interest in access to this information is minimal"). |
| Class Certification Brief | Page 8, lines 5 – 7, and lines 17 – 26. | GRANTED as to lines 5 – 7. The court did not rely on this information. DENIED as to lines 17 – 26.  The discussion in Plaintiff's brief is a generalized characterization and/or does not reveal specific confidential information. |
| Class Certification Brief | Page 9, lines 5 - 10. | DENIED.  The discussion in Plaintiff's brief is a generalized characterization and/or does not reveal specific confidential information. |

3

| | | |
|---|---|---|
| Class Certification Brief | Page 13, lines 4 - 7. | GRANTED. The court did not rely on this information. |
| Class Certification Brief | Page 15, lines 16 – 21; Page 15, lines 22 – 24 and Footnote 9. | GRANTED. The discussion in Plaintiff's brief reveals detailed information about Defendants' confidential business practices. *See Nicolosi Distrib. v. Finishmaster, Inc.*, No. 18-cv-03587-BLF, 2018 U.S. Dist. LEXIS 147515, at *7 (N.D. Cal. Aug. 28, 2018) (finding compelling reasons to seal "proprietary and confidential business information, including potential trade secrets and business practices, such as product rates and purchase requirements"). |
| Class Certification Brief | Page 16, lines 3 – 5, and lines 13 – 19. | DENIED as to lines 3-5. The discussion is a generalized characterization and/or does not reveal specific confidential information.<br>GRANTED as to lines 13 – 19. The discussion reveals detailed information about Defendants' confidential business practices. |
| Declaration of Scott Brown Support of Plaintiff's Motion for Class Certification ("Brown Decl.") | Page 3, lines 13 – 15. | DENIED. Defendants have no objection to unsealing this text. |
| Brown Decl. | Page 4, lines 4 – 5, | DENIED. Defendants have no objection to unsealing this text. |
| Brown Decl. | Page 4, lines 10 – 27. | DENIED. Defendants have no objection to unsealing this text. |
| Brown Decl. | Page 5, lines 13 – Page 6, line 6. | DENIED. Defendants have no objection to unsealing this text. |
| Brown Decl. | Page 6, lines 13 – 19. | DENIED. Defendants have no objection to unsealing this text. |
| Brown Decl. | Page 7, line 5 – Page 8, line 3. | DENIED. Defendants have no objection to unsealing this text. |
| Brown Decl. | Page 8, lines 5 – 6. | DENIED. Defendants have no objection to unsealing this text. |
| Brown Decl. | Page 8, lines 16 – 22. | GRANTED. The court did not rely on this information in its order. In addition, the discussion reveals Defendants' confidential business information. |
| Brown Decl. | Page 8, lines 25 – 26. | GRANTED. The court did not rely on this information in its order. |

| Brown Decl. | Page 9, lines 2 – 3. | GRANTED.  The court did not rely on this information in its order.  In addition, the discussion reveals Defendants' confidential business information. |
|---|---|---|
| Brown Decl. | Page 9, lines 22 – 24, lines 26 – 27. | DENIED.  The discussion is a generalized characterization and/or does not reveal specific confidential information. |
| Brown Decl. | Page 10, lines 6 – 8. | GRANTED.  The court did not rely on this information in its order. |
| Brown Decl. | Page 12, line 10 – Page 13, line 2. | DENIED.  Defendants have no objection to unsealing this text. |
| Brown Decl. | Page 13, lines 16 – 21. | DENIED.  Defendants have no objection to unsealing this Exhibit. |
| Brown Decl. | Exhibit D | DENIED.  Defendants have no objection to unsealing this Exhibit. |
| Brown Decl. | Exhibit E | DENIED.  Defendants have no objection to unsealing this Exhibit. |
| Deposition Exhibit 109 | Whole document. | GRANTED.  Document contains information that "would harm a designating party's competitive standing and divulge terms of confidential contracts or contract negotiations." *DeMartini v. Microsoft Corp.*, No. 22-CV-08991-JSC, 2023 WL 4205770, at *2 (N.D. Cal. June 26, 2023). |
| Deposition Exhibit 110 | Whole document. | GRANTED.  Document contains confidential contract information. |
| Deposition Exhibit 111 | Whole document. | GRANTED.  Document contains confidential contract information. |
| Deposition Exhibit 154 | Whole document. | GRANTED.  The court did not rely on this information in its order. |

### B. Docket No. 364

Plaintiffs filed this administrative sealing motion, and Defendants filed a statement in support.  [Docket No. 376 (Marc Jacobs Decl., Nov. 2, 2023).]  The court rules as follows.

| Document | Text, Portions, or Document to be Sealed | Basis for Confidentiality |
|---|---|---|
| Plaintiffs' Reply To The National General Defendants' Opposition To Motion For Class Certification ("Reply to NG Defendants") | Page 8, lines 8-11. | DENIED.  The discussion is a generalized characterization and/or does not reveal specific confidential information. |

5

| | | |
|---|---|---|
| Plaintiffs' Reply to Sequoia's Opposition to Motion for Class Certification ("Reply to Sequoia") | Page 1, lines 6-10. | DENIED. The email exchange referenced in the brief does not reveal specific confidential information. |
| Reply to Sequoia | Page 2, lines 24-25. | DENIED. Defendants have no objection to unsealing this text. |
| Reply to Sequoia | Page 3, lines 5-8. | DENIED. The email exchange referenced in the brief does not reveal specific confidential information. |
| Reply to Sequoia | Page 4, lines 15-23. | GRANTED. The discussion of the documents is a generalized characterization and/or does not reveal specific confidential information. |
| Reply to Sequoia | Page 5, lines 6-10. | DENIED. The discussion of the documents and email exchange is a generalized characterization and/or does not reveal specific confidential information. |
| Reply to Sequoia | Page 8, line 27. | DENIED. Defendants have no objection to unsealing this text. |
| Reply to Sequoia | Page 9, lines 2-3, 7-13, and 20-23. | DENIED. Defendants have no objection to unsealing this text. |
| Exhibit 4 to Declaration of Shelby Serig: Expert Report of Scott Brown (10/13/2023) ("Expert Report of Scott Brown (10/13/2023)") | Page 5, paragraph 15.c. | DENIED. Defendants have no objection to unsealing this text. |
| Expert Report of Scott Brown (10/13/2023) | Page 7-8, paragraph 21. | GRANTED. The court did not rely on this information in its order. In addition, the discussion reveals Defendants' confidential business information. |
| Expert Report of Scott Brown (10/13/2023) | Page 8, portions of paragraph 22. | GRANTED. The court did not rely on this information in its order. In addition, the discussion reveals Defendants' confidential business information. |
| Expert Report of Scott Brown (10/13/2023) | Page 10, paragraph 31. | DENIED. Defendants have no objection to unsealing this text. |
| Expert Report of Scott Brown (10/13/2023) | Page 11, chart after paragraph 34. | GRANTED. The court did not rely on this information in its order. In addition, the discussion reveals Defendants' confidential business information. |
| Expert Report of Scott Brown (10/13/2023) | Page 12, lines 2-6 of paragraph 37. | DENIED. Defendants have no objection to unsealing this text. |
| Expert Report of Scott Brown (10/13/2023) | Page 14, chart after paragraph 42. | DENIED. Defendants have no objection to unsealing this text. |

| | | |
|---|---|---|
| Expert Report of Scott Brown (10/13/2023) | Page 15, chart after paragraph 44. | GRANTED. The court did not rely on this information in its order. In addition, the discussion reveals Defendants' confidential business information. |
| Expert Report of Scott Brown (10/13/2023) | Page 16, lines 3-6 of paragraph 47, and chart on page 17. | DENIED. Defendants have no objection to unsealing this text. |
| Expert Report of Scott Brown (10/13/2023) | Page 17, lines 4-6 of paragraph 48. | DENIED. Defendants have no objection to unsealing this text. |
| Expert Report of Scott Brown (10/13/2023) | Page 18, last three lines of paragraph 49, and chart following. | DENIED. Defendants have no objection to unsealing this text. |
| Expert Report of Scott Brown (10/13/2023) | Page 19-20, lines 4-7 and portions of lines 10-12 of paragraph 54. | GRANTED. The court did not rely on this information in its order. In addition, the discussion reveals Defendants' confidential business information. |
| Expert Report of Scott Brown (10/13/2023) | Page 20, limited portions of paragraph 55. | GRANTED. The court did not rely on this information in its order. In addition, the discussion reveals Defendants' confidential business information. |
| Expert Report of Scott Brown (10/13/2023) | Page 20, lines 4-7 of paragraph 56. | DENIED. Defendants have no objection to unsealing this Exhibit. |
| Exhibit A to Expert Report of Scott Brown (10/13/2023) | Page 4, lines 5-7 of paragraph 9. | DENIED. Defendants have no objection to unsealing this Exhibit. |
| Exhibit A to Expert Report of Scott Brown (10/13/2023) | Page 5, last three lines of paragraph 11. | GRANTED. The court did not rely on this information in its order. In addition, the discussion reveals Defendants' confidential business information. |
| Exhibit A to Expert Report of Scott Brown (10/13/2023) | Page 6, lines 2-6 of paragraph 14. | DENIED. Defendants have no objection to unsealing this Exhibit. |
| Exhibit A to Expert Report of Scott Brown (10/13/2023) | Page 8, chart following paragraph 19. | DENIED. Defendants have no objection to unsealing this Exhibit. |
| Exhibit A to Expert Report of Scott Brown (10/13/2023) | Page 8, lines 3-6 of paragraph 20. | DENIED. Defendants have no objection to unsealing this Exhibit. |
| Exhibit A to Expert Report of Scott Brown (10/13/2023) | Page 9, paragraph 22. | GRANTED. The discussion reveals Defendants' confidential business information. |
| Exhibit A to Expert Report of Scott Brown (10/13/2023) | Page 9, lines 5-9 of paragraph 23. | GRANTED. The discussion reveals Defendants' confidential business information. |
| Exhibit A to Expert Report of Scott Brown (10/13/2023) | Page 11, second paragraph of paragraph 28. | DENIED. Defendants have no objection to unsealing this Exhibit. |

7

| | | |
|---|---|---|
| Exhibit A to Expert Report of Scott Brown (10/13/2023) | Page 13, lines 3-6 of paragraph 36. | DENIED. Defendants have no objection to unsealing this Exhibit. |
| Exhibit A to Expert Report of Scott Brown (10/13/2023) | Page 13, lines 2-6 and 8-9 of paragraph 37. | DENIED. Defendants have no objection to unsealing this Exhibit. |
| Exhibit A to Expert Report of Scott Brown (10/13/2023) | Page 14, lines 4-6 of paragraph 40. | GRANTED. The court did not rely on this information in its order. |
| Exhibit E to Expert Report of Scott Brown (10/13/2023) | The exhibit in its entirety. | GRANTED. The discussion reveals Defendants' confidential business information. |
| Exhibit F to Expert Report of Scott Brown (10/13/2023) | The exhibit in its entirety. | DENIED. Defendants have no objection to unsealing this Exhibit. |
| Exhibit G to Expert Report of Scott Brown (10/13/2023) | The exhibit in its entirety. | GRANTED. The court did not rely on this information in its order. |
| Exhibit 163: DEFS0128568 | The exhibit in its entirety. | DENIED. The email exchange does not reveal specific confidential information. |

### C. Docket No. 370

Plaintiffs also filed an administrative sealing motion regarding excerpts from the deposition of Paul Braithewaite taken on October 10, 2023. [Docket No. 370-1 (Michael Ram Decl., Oct. 27, 2023) ¶ 5.] Pursuant to Civil Local Rule 79-5(f)(3), Defendants, as the designating parties, had seven days to file a statement and/or declaration if they wished to seek sealing of the materials. Nothing has been filed. Accordingly, the provisionally sealed material is unsealed.

## II. DEFENDANTS' SEALING MOTIONS

Defendants filed one administrative motion to consider whether another party's material should be sealed on September 11, 2023. [Docket No. 346.] Sequoia Insurance Company ("Sequoia"), a previous defendant in this case which was dismissed on December 22, 2023,[1] was the designating party under Civil Local Rule 79-5(f) and had seven days to file a statement and/or declaration if it wished to seek sealing of the materials. Nothing was filed. Accordingly, the provisionally sealed material is unsealed.

Pursuant to Civil Local Rules 7-11 and 79-5, Defendants also filed a motion to seal its own material. [Docket No. 347.] Plaintiffs do not oppose the motion.

---

[1] See Docket No. 402.

8

Defendants seek to redact Exhibits 4 through 14 of Rakesh Patel's September 8, 2023 declaration because the exhibits contain Plaintiffs' personally identifiable information, specifically their home addresses. [Docket Nos. 348-5 through 348-15.] The court finds that compelling reasons exist to redact the addresses, particularly here where the court does not rely on that information in its order. *See Nursing Homes Pension Fund v. Oracle Corp*., 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) ("The Ninth Circuit has found that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft."). The court grants this motion and orders Defendants to re-file the Patel Declaration Exhibits 4-14, redacting only the portions of the documents with Plaintiffs' addresses.

Defendants also seek to seal portions of Torry Conroy's declaration and Exhibits 18 through 20 of the declaration. [Docket Nos. 348-21 (Torry Conroy Decl., Sept. 8, 2023); 348-22 through 348-24.] The court grants the motion to seal Exhibits 18-20 because they contain information that "would harm a designating party's competitive standing and divulge terms of confidential contracts or contract negotiations." *DeMartini v. Microsoft Corp*., No. 22-CV-08991-JSC, 2023 WL 4205770, at *2 (N.D. Cal. June 26, 2023). The court grants the motion to seal portions of the Conroy Declaration except for paragraphs 11-14, referencing the March 30, 2009 Broker Agreement entered into between Omni Safe and Defendants. The court relied on this information in its order, and the information is at a high level of generality which does not reveal specific confidential business practices. Defendants shall re-file the Conroy Declaration with paragraphs 11-14 unredacted.

### III. CONCLUSION

The parties are directed to re-file versions of the above materials pursuant to this order by **October 22, 2024**. This order terminates Docket Nos. 302, 346, 347, 364, 370, and 394.

**IT IS SO ORDERED.**

Dated: October 8, 2024

_____
Donna M. Ryu
Chief Magistrate Judge

9