Michael F. Ram, SBN 104805
mram@forthepeople.com
Marie N. Appel, SBN 187483
mappel@forthepeople.com
Colin G. Losey, SBN 352223
colin.losey@forthepeople.com
Abraham Barkhordar, SBN 359425
abarkhordar@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 846-3862

Jeffrey B. Cereghino, SBN 99480
jbc@cereghinolaw.com
CEREGHINO LAW GROUP LLP
739 Bryant Street
San Francisco, CA 94107
Telephone: (415) 433-4949

W. Craig Bashein, Admitted *Pro Hac Vice*
John P. Hurst, Of Counsel,
Admitted *Pro Hac Vice*
BASHEIN & BASHEIN CO., L.P.A.
Terminal Tower
35th Floor, 50 Public Square
Cleveland, Ohio 44113
Telephone: (216) 771-3239

*Attorneys for Plaintiffs and Class*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDD KING, DIEDRE KING, ELMO SHEEN, and SHEILA LEE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL GENERAL INSURANCE COMPANY, INTEGON NATIONAL INSURANCE COMPANY, INTEGON PREFERRED INSURANCE COMPANY, MIC GENERAL INSURANCE CORPORATION,<br><br>Defendants. | No. 4:15-cv-00313-DMR<br><br>**OPPOSITION OF THE PLAINTIFF CLASS TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS, OR, IN THE ALTERNATIVE, SUMMARY JUDGMENT**<br><br>Date: July 10, 2025<br>Time: 1:00 p.m.<br>Dept.: Courtroom 4 – 3rd Floor<br>  Oakland Courthouse<br>Honorable Chief Magistrate Judge Donna M. Ryu<br><br>Action Filed: January 22, 2015 |

# TABLE OF CONTENTS

I.   INTRODUCTION .................................................................................................................. 1

II.  ARGUMENT ........................................................................................................................ 1

   A.   THE COURT SHOULD DENY DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS
      BECAUSE THE PLAINTIFFS AND THE CLASS DO NOT HAVE AN ADEQUATE REMEDY AT LAW. ... 1

     1.   A Rule 12(c) motion should be denied when, as here, Defendants have not shown that
       the Plaintiff Class has failed to state a claim. .................................................................. 1

     2.   The Plaintiff Class has adequately pled their UCL Claims, including their lack of an
       adequate legal remedy. ..................................................................................................... 2

       a)   Plaintiffs have stated a claim for entitlement to injunctive relief. ............................... 2

       b)   The breach of the implied covenant claim provides no relief for the Plaintiff Class and
        is thus not an "adequate legal remedy." ...................................................................... 3

     3.   Equitable and damages claims may coexist when based on different theories. ............... 4

   B.   DEFENDANTS' ALTERNATIVE REQUEST FOR SUMMARY JUDGMENT SHOULD ALSO BE DENIED. 7

III. CONCLUSION ..................................................................................................................... 8

OPPOSITION OF THE PLAINTIFF CLASS TO                    NO.  4:15-CV-00313-DMR
DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

# TABLE OF AUTHORITIES

**Cases**

*Am. Life Ins. Co. v. Stewart*,
300 U.S. 203 (1937)............................................................................................................4, 6

*Anderson v. Apple Inc.*,
500 F. Supp. 3d 993, 1009 (N.D. Cal. 2020) ...................................................................4

*Brown v. Natures Path Foods, Inc.*,
2022 WL 717816, n.5 (N.D. Cal. Mar. 10, 2022) ..........................................................5

*Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*,
637 F.3d 1047 n.4 (9th Cir. 2011) ...................................................................................1

*Cf. Orantes-Hernandez v. Meese*,
685 F. Supp. 1488, 1504 (C.D. Cal. 1988), *aff'd sub nom. Orantes-Hernandez v. Thornburgh*,
919 F.2d 549 (9th Cir. 1990) ...........................................................................................3

*Chebul v. Tuft & Needle, LLC*,
2024 WL 5257021 (C.D. Cal. Oct. 9, 2024)....................................................................4

*Clevenger v. Welch Foods Inc.*,
2022 WL 18228288 (C.D. Cal. Dec. 14, 2022)...............................................................4

*Coleman v. Mondelez Int'l Inc.*,
554 F. Supp. 3d 1055 (C.D. Cal. 2021) ...........................................................................6

*Dworkin v. Hustler Magazine Inc.*,
867 F.2d 1188 (9th Cir. 1989) .........................................................................................2

*Elgindy v. AGA Serv. Co.*,
2021 WL 1176535 (N.D. Cal. Mar. 29, 2021) ...........................................................5, 6, 7

*Guzman v. Polaris Industries Inc.*,
49 F.4th 1308 (9th Cir. 2022) ..........................................................................................4

*Hadley v. Kellogg Sales Co.*,
273 F. Supp. 3d at 1063 (N.D. Cal. 2017) .......................................................................5

*In re JUUL Labs, Inc., Mktg., Sales Prac. & Prod. Liab. Litig.*,
2020 WL 6271173 (N.D. Cal. Oct. 23, 2020) .................................................................5

*In re Tobacco II Cases*,
46 Cal. 4th 298 (2009) .....................................................................................................5

*Jamil v. Workforce Res.*,
2019 WL 4221091 (citing *Gallardo v. DiCarlo*, 203 F. Supp. 2d 1160 (C.D. Cal. 2002)...........3

*Lester v. Mineta*,
No. 04-cv-3074-SI, 2006 WL 463515 (N.D. Cal. Feb. 24, 2006)..................................2

*Lewis Jorge Constr. Mgmt., Inc. v. Pomona Unified Sch. Dist.*,
34 Cal. 4th 960 (2004)......................................................................................................1

OPPOSITION OF THE PLAINTIFF CLASS TO                    NO.  4:15-CV-00313-DMR
DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

*Lin v. JPMorgan Chase Bank, N.A.*,
    2024 WL 5182199 (C.D. Cal. Aug. 15, 2024) ............................................................................5, 6

*M.O. Dion & Sons, Inc. v. VP Racing Fuels, Inc.*,
    2022 WL 18281526 (C.D. Cal. Nov. 2, 2022) ...............................................................................7

*Murphy v. Olly Pub. Benefit Corp.*,
    651 F. Supp. 3d 1111 (N.D. Cal. 2023) ..............................................................................3, 4, 8

*Naeyaert v. Kimberly-Clark Corp.*,
    No. ED CV17-00950 JAK (JPRx), 2018 WL 6380749 (C.D. Cal. Sept. 28, 2018) ....................5

*Nese v. Scenario Cokram USA, Inc.*,
    2021 WL 4497893 (C.D. Cal. July 20, 2021) ................................................................................3

*Shuman v. SquareTrade Inc.*,
    No. 20-CV-02725-JCS, 2021 WL 5113182 (N.D. Cal. Nov. 3, 2021) .......................................6

*Software Rsch., Inc. v. Dynatrace LLC*,
    316 F. Supp. 3d 1112 (N.D. Cal. 2018) .......................................................................................2

*Sonner v. Premier Nutrition Corp.*,
    971 F.3d 834 (9th Cir. 2020) ....................................................................................................4, 6

*Valiente v. Simpson Imports, Ltd.*,
    717 F. Supp. 3d 888 (N.D. Cal. 2024) ..........................................................................................3

*Watson v. Sutherland*,
    72 U.S. 74 (1866)...........................................................................................................................3


**Statutes**
Cal. Bus. & Prof. Code §§ 17200 et seq. ..................................................................................passim
Cal. Bus. & Prof. Code § 17203 ............................................................................................... 2, 3
Cal. Civ Code § 1750 et seq. ...........................................................................................................7
Cal. Civ Code § 17500 ..............................................................................................................5, 7
Cal. Ins. Code § 1861.02 .................................................................................................................2
Cal. Ins. Code § 1861.025 ...............................................................................................................2
Cal. Ins. Code § 1861.16 .................................................................................................................2
Cal. Welf. & Inst. Code § 15610, et seq .........................................................................................6


**Rules**
Fed. R. Civ. P. 8 ...............................................................................................................................2
Fed. R. Civ. P. 12 .............................................................................................................................2
Fed. R. Civ. P. 12(b)(6) ............................................................................................................. 1, 2
Fed. R. Civ. P. 12(c) .................................................................................................................. 1, 3
Fed. R. Civ. P. 56 .............................................................................................................................1

OPPOSITION OF THE PLAINTIFF CLASS TO                NO.  4:15-CV-00313-DMR
DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

## I.    INTRODUCTION

The Court should deny Defendants' motion for: (1) judgment on the pleadings or, alternatively, (2) summary judgment.  Dkt. 492 ("Mot. JOP").  Defendants argue that the Court should dismiss, under either Rule of Civil Procedure 12(c) or Rule of Civil Procedure 56, the Unfair Competition Law ("UCL") unlawful and unfair claims of the Plaintiff Class because, in Defendants' view, the Named Plaintiffs' implied covenant claim provides an adequate remedy at law. *See* Mot. JOP.  This argument fails because Plaintiffs and the Plaintiff Class sufficiently allege that they have no adequate remedy at law.  In addition, the Plaintiff Class has no available implied covenant claim because, as part of its rigorous analysis for class certification, the Court declined to certify it.  Further, even if the implied covenant were certified, it is not at least equally certain as the UCL claims, and it is more difficult to prove, because it requires proof of reliance and the "damages must 'flow directly and necessarily from a breach of contract' or be 'reasonably foreseeable' when the contract was formed."  *See* Dkt. 480, Order Renewed Mot.  Class Certification ("Class Cert. Order"), at 41:21-28 (quoting *Lewis Jorge Constr. Mgmt., Inc. v. Pomona Unified Sch. Dist.,* 34 Cal. 4th 960, 968 (2004)).  Finally, as Defendants have previously argued, the elements of the implied covenant claim may not include the pre-contractual conduct here at issue.  *See* Dkt. 165, Defs.' Mot. Dismiss Pls.' Fourth Am. Compl.  ("MTD 4AC").

Thus, the implied covenant claim does not provide the Plaintiffs and the Plaintiff Class members with an adequate remedy at law. This is especially true because the Court declined to certify it. As Defendants point out in their motion, UCL remedies are exclusively equitable in nature. Mot.  JOP 3. These are the only claims and remedies which remain for adjudication on a class-wide basis.  The Court should deny Defendants' motion.

## II.    ARGUMENT

**A.    The Court should deny Defendants' motion for judgment on the pleadings because the Plaintiffs and the Class do not have an adequate remedy at law.**

**1.    A Rule 12(c) motion should be denied where, as here, Defendants have not shown that the Plaintiff Class has failed to state a claim.**

The Rule 12(b)(6) standard applies to a Rule 12(c) motion.  *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) ("Rule 12(c) is 'functionally

identical' to Rule 12(b)(6) and [ ] 'the same standard of review' applies to motions brought under either rule.") (quoting *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)). "The party moving for dismissal has the burden of proving that no claim has been stated." *Software Rsch., Inc. v. Dynatrace LLC*, 316 F. Supp. 3d 1112, 1116 (N.D. Cal. 2018) (quoting *Lester v. Mineta*, No. 04-cv-3074-SI, 2006 WL 463515, at *2 (N.D. Cal. Feb. 24, 2006)).

This motion is now Defendants' *second* Rule 12 attack on Plaintiffs' operative complaint. *See* MTD 4AC.  Because the implied covenant claim does not provide the Plaintiff Class with an adequate remedy at law, or any remedy, Defendants fail to meet their burden to show that Plaintiffs have failed to state a claim for relief under the UCL.

> **2.    The Plaintiff Class has adequately pled their UCL Claims, including their lack of an adequate legal remedy.**

> **a)    Plaintiffs now state a claim for entitlement to injunctive relief.**

In paragraph 68 of Plaintiffs' Fourth Amended Complaint ("4AC"), Plaintiffs allege that the Class does not have an adequate remedy at law.  Specifically, the Plaintiffs allege that, "[w]ithout a class action, the Plaintiffs and the members of the Class will continue to suffer damages and Defendants' violations of law will proceed without remedy."  4AC, ¶¶ 68(5). Plaintiffs incorporated these allegations into their UCL unlawful and unfair business practices counts. *Id.* at ¶¶ 164, 171.[1]

Plaintiffs' 4AC addresses why monetary damages would be inadequate for complete relief. Section 17203 of the Business and Professions Code specifically authorizes the injunction of any proscribed unfair competition. Cal. Bus. & Prof. Code § 17203.  Plaintiffs allege that: "[t]o this day, Defendants *continue to engage* in unlawful business practices by violating 1861.02 and 1861.025 and section 1861.16." 4AC, ¶¶ 168 (emphasis added); *see also id.* ¶¶ 8, 21, 68(b)(11), 80, 114, 116.

On October 8, 2024, the Court dismissed the injunction claim because the Kings are not current policyholders and therefore lack standing.  Dkt. 422, Order Suppl. Briefing, 36:20-21, 37:12. Necessarily, the Class that the Court certified now includes current policyholders who have

---

[1] *See also* ¶ 112 of Plaintiffs' 4AC, in which they alternatively plead, as permitted by Fed. R. Civ. P. 8, that no readily available and expedient remedy exists at *law* or equity, and then incorporate these allegations throughout the 4AC.

2

been, or will be, offered Good Driver policy premiums at renewal that do not include Defendants' lowest available Good Driver premium from within their Control Group. Injunctive relief is necessary to stop Defendants' unlawful and unfair business practices and is specifically authorized by section 17203, if the Court finds either unlawful or unfair business practices at trial. Cal. Bus. & Prof. Code § 17203 ("Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction."); *Cf. Orantes-Hernandez v. Meese*, 685 F. Supp. 1488, 1504 (C.D. Cal. 1988), *aff'd sub nom. Orantes-Hernandez v. Thornburgh*, 919 F.2d 549 (9th Cir. 1990) (holding that, because of the ongoing violations, "there is no adequate remedy at law to protect the rights of class members.).

In contrast, such equitable relief is not alleged under the breach of implied covenant claim.

> **b)     The breach of the implied covenant claim provides no relief for the Plaintiff Class and is thus not an "adequate legal remedy."**

Defendants' adequate legal remedy argument contradicts their previous arguments made to the Court, and focuses on the breach of implied covenant claim as an alternative legal remedy to the Plaintiff Class's UCL claims. However, the breach of implied covenant claim, because it has not been certified, can provide no legal relief to the Class.

Even *if* it could be certified, it does not provide an adequate remedy at law because it is less certain than the UCL claims. The implied covenant claim is rooted in a different legal theory (contract law) that requires materially different and more difficult proof. *See* Class Cert. Order, Dkt. 480, 40:11–42:1. To be "adequate" a legal remedy must be "as practical and efficient to the ends of justice, and its prompt administration as the remedy in equity." *Nese v. Scenario Cokram USA, Inc.*, 2021 WL 4497893, at *3 (C.D. Cal. July 20, 2021) (quoting *Watson v. Sutherland*, 72 U.S. 74, 78 (1866)). Plaintiffs have prevailed in "adequate remedy at law" challenges when, as here, "legal remedies [are] not as certain as equitable remedies." *Murphy v. Olly Pub. Benefit Corp.*, 651 F. Supp. 3d 1111, 1129 (N.D. Cal. 2023); *accord Valiente v. Simpson Imports, Ltd.*, 717 F. Supp. 3d 888, 907 (N.D. Cal. 2024). Accordingly, a Rule 12(c) motion should be denied where a defendant has failed to meet its "burden . . . to establish that Plaintiffs have failed to state a claim," *Jamil v. Workforce Res.*, 2019 WL 4221091, at *4 (citing *Gallardo v. DiCarlo*, 203 F. Supp. 2d 1160, 1165 (C.D. Cal. 2002), which, here, means demonstrating that Plaintiffs have an

OPPOSITION OF THE PLAINTIFF CLASS TO                    NO.  4:15-CV-00313-DMR
DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

adequate remedy at law.

In *Murphy v. Olly*, Judge Breyer concluded: "Plaintiffs alleged that legal remedies were not as certain as equitable remedies." 651 F. Supp. 3d at 1129. He did so because plaintiffs had sufficiently established that, "for a full refund, Plaintiffs would have to show that the product has no market value, while that showing is not required for restitution." *Id.* Similarly, here, the Court has held that Plaintiffs need to show reliance for the implied covenant claim but not for the UCL claims. [Class Cert. Order 40:11–42:1.].

In their reply, Defendants may cite *Clevenger v. Welch Foods Inc.*, 2022 WL 18228288 (C.D. Cal. Dec. 14, 2022), for Judge Carney's conclusion that, "[t]he [*Guzman v. Polaris Industries Inc.*, 49 F.4th 1308 (9th Cir. 2022)] court's emphasis on the relief that could possibly be afforded under a claim, as opposed to possible hurdles the plaintiff might face in achieving that relief, indicates that mere differences in proof between the claims does not make [a] remedy inadequate." 2022 WL 18228288, at \*5. Two years later, Judge Staton, of that same district, disagreed with Judge Carney, stating: "this Court does not read *Guzman* so broadly. *Guzman* decided only that an adequate remedy at law is not made inadequate because it was not timely pursued by a plaintiff. In that respect, it is a straightforward application of [*Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020)]." *Chebul v. Tuft & Needle, LLC*, 2024 WL 5257021, at \*4 (C.D. Cal. Oct. 9, 2024). Judge Staton went on to hold that: "[a]s the Court explained above, here, Plaintiff has alleged specific facts showing that equitable restitution is 'more certain, prompt, or efficient' than the legal remedies available, and that is enough to support Plaintiff's request for equitable restitution at this stage." *Id.* (citing *Anderson v. Apple Inc.*, 500 F. Supp. 3d 993, 1009 (N.D. Cal. 2020)); *Am. Life Ins. Co.*, 300 U.S. at 214 ("A remedy at law does not exclude one in equity unless it is equally prompt and certain and in other ways efficient.").

Similarly, here the UCL claims are more certain, prompt, and efficient than the implied covenant claim.

### 3. Equitable and damages claims may coexist when based on different theories.

*Sonner* "did not purport to disturb the well-established rule that equitable and damages

OPPOSITION OF THE PLAINTIFF CLASS TO                    NO.  4:15-CV-00313-DMR
DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

claims may coexist when they are based on different theories." *Brown v. Natures Path Foods, Inc.*, 2022 WL 717816, at *6 n.5 (N.D. Cal. Mar. 10, 2022); *Elgindy v. AGA Serv. Co.*, 2021 WL 1176535, at *15 (N.D. Cal. Mar. 29, 2021); *Lin v. JPMorgan Chase Bank, N.A.*, 2024 WL 5182199, at *9 (C.D. Cal. Aug. 15, 2024).

The *Elgindy* case is instructive. *Elgindy* involved a class action against a defendant who sold insurance for event tickets and travel arrangement purchases. 2021 WL 1176535, at *1. The plaintiffs alleged causes of action for, among other things, the unlawful and unfair prongs of the UCL, and common law fraud. *Id*. at *3. The defendants argued that the plaintiffs failed to state an equitable claim because they had an adequate remedy at law. *Id*. at *15. Judge Tigar rejected this argument because "Plaintiffs' claims under the unlawful and unfair prongs of the UCL are rooted in a different theory than Plaintiffs' common-law fraud[ ] . . . claim [ ]." *Id*.

> Plaintiffs' claims under the unlawful and unfair prongs of the UCL are rooted in a different theory than Plaintiffs' common-law fraud, FAL, and UCL fraudulent prong claims. Only equitable claims are available on Plaintiffs' theory that Defendant's services fee violates California insurance statutes and regulations. Therefore, Plaintiffs are entitled to pursue equitable relief under this theory.

*Id*. (citing *In re JUUL Labs, Inc., Mktg., Sales Prac. & Prod. Liab. Litig.*, 2020 WL 6271173, at *55 (N.D. Cal. Oct. 23, 2020) (suggesting that a UCL claim can survive the adequate remedy at law challenge where "the allegations regarding unfair conduct are not otherwise coextensive with plaintiffs' legal claims"). Judge Tigar went on to explain:

> [T]he elements of a common-law fraud claim require proof of conduct beyond that which must be shown to establish liability under the UCL and FAL. *See Naeyaert v. Kimberly-Clark Corp.*, No. ED CV17-00950 JAK (JPRx), 2018 WL 6380749, at *6 (C.D. Cal. Sept. 28, 2018)) ("A claim under the fraudulent prong of the UCL does not require a showing that the statement was false, that the party who made it knew that it was false or that the plaintiff reasonably relied on the statement."); *In re Tobacco II Cases*, 46 Cal. 4th 298, 312 (2009) (the UCL "focus[es] on the defendant's conduct, rather than the plaintiff's damages, in service of the statute's larger purpose of protecting the general public against unscrupulous business practices."); *see also Hadley*, 273 F. Supp. 3d at 1063 (the same standard for fraudulent activity governs the UCL and FAL).

*Id*. The court added that, "[t]hese differences are highlighted by the fact that the Court has held that Plaintiffs have stated a claim for fraudulent conduct under the UCL and false advertising under the FAL, but failed to state a claim for common-law fraud." *Id*. The court held that, "Plaintiffs

OPPOSITION OF THE PLAINTIFF CLASS TO                    NO. 4:15-CV-00313-DMR
DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

have shown that they lack a remedy at law that is 'equally prompt and certain' as their equitable claims. *Sonner* does not bar these claims." *Id.* (citing *Am. Life Ins. Co. v. Stewart*, 300 U.S. 203, 214 (1937)).

*Lin v. JPMorgan Chase Bank* reached the same result. The plaintiff in *Lin* alleged that the bank's wire procedures allowed her to be defrauded out of her retirement savings in violation of California's Financial Elder Abuse Law and California's Unfair Competition Law. 2024 WL 5182199, at *1. The defendants moved to dismiss the UCL claims, arguing that the plaintiff failed to plead that she had inadequate legal remedies. *Id.* at *9. Confirming that *Sonner* "did not purport to disturb the well-established rule that equitable and damages claims may coexist when they are based on different theories," the court denied defendants' motion:

> Plaintiff states a claim under the UCL's unfair prong that depends on a theory materially different than Plaintiff's theory under the Financial Elder Abuse Law. Unlike Plaintiff's Financial Elder Abuse Law claim, Plaintiff need not show actual knowledge to prevail under the UCL's unfair prong; Plaintiff instead must show that the harms inherent in Defendants' alleged business practice of processing suspicious wire transfers without any inquiry or without contacting a joint accountholder outweigh any potential benefits.

*Id.* at *9.

Here, the claims of the Plaintiff Class under the unlawful and unfair prongs of the UCL are rooted in a different theory than the contract-based claims for breach of implied covenant. As the Court acknowledged, the UCL claims involve a different legal theory and different essential elements than a breach of implied covenant claim. Class Cert. Order, 40:11-42:1. The Court should follow *Elgindy*, *Lin*, and the other numerous cases that have reached the same result. *See, e.g., Shuman v. SquareTrade Inc.*, No. 20-CV-02725-JCS, 2021 WL 5113182, at *10 (N.D. Cal. Nov. 3, 2021) ("'A remedy at law does not exclude one in equity unless it is equally prompt and certain and in other ways efficient.' [quoting *Am. Life Ins. Co. v. Stewart*, 300 U.S. 203, 214 (1937).] 'Courts in this district have found that the rule articulated in *Stewart* applies when an equitable claim for restitution relies on a different theory than a claim at law that seeks money damages.'") (citing *Elgindy*); *Coleman v. Mondelez Int'l Inc.*, 554 F. Supp. 3d 1055, 1065 (C.D. Cal. 2021) (finding that the plaintiff pleaded she had no adequate remedy at law where her claims for damages "may impose more stringent elements that plaintiff may ultimately not be able to

OPPOSITION OF THE PLAINTIFF CLASS TO                          NO. 4:15-CV-00313-DMR
DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

prove" and "restitution under the CLRA or UCL would be more certain, prompt, or efficient"); *M.O. Dion & Sons, Inc. v. VP Racing Fuels, Inc.*, 2022 WL 18281526, at *8 (C.D. Cal. Nov. 2, 2022) ("As courts in this Circuit have held, a plaintiff adequately demonstrates the lack of an alternative remedy at law when the elements of their legal claims require proof of conduct beyond that which must be shown to establish liability under the UCL and FAL.") (citing *Elgindy*).

The Plaintiff Class has no remedy at law because the Court has declined to certify the sole remaining legal claim, breach of implied covenant. Even were the implied covenant claim certified, the additional elements which must be shown for that legal claim render the UCL equitable claims "more certain, prompt, and efficient than other legal remedies." In short, the Plaintiff Class has no remedy at law that is "equally prompt and certain" as their equitable claims. More fundamentally, the only remaining claims to be adjudicated on a classwide basis are the Plaintiff Class's strictly equitable UCL unfair and unlawful claims.

**B.     Defendants' alternative request for summary judgment should also be denied.**

Defendants devote less than a page of their motion to their alternative request for summary judgment, stating only that they "move for summary judgment on the UCL claims in the alternative *on the same grounds stated above*." Mot. JOP, 10:7-9 (emphasis added). Notably, Defendants make no substantive argument based on the merits of the Plaintiff Class's UCL claims. They simply rely on their "adequate remedy at law" argument. For the reasons explained above, Defendants' alternative request for summary judgment based on this identical argument should be denied.

As addressed above, the breach of implied covenant claim requires additional and different proof than the Plaintiff Class's equitable UCL unfair and unlawful claims. This includes the requirement of proof of reliance on pre-contractual conduct. *See* Class Cert. Order 40:11–42:1. While Defendants now claim that the breach of implied covenant claim provides an adequate legal remedy, they sought to dismiss Plaintiffs' 4AC by arguing that legal relief did not exist under this claim: "A plaintiff cannot prove fraudulent intent by pointing to conduct that falls outside of the contract." MTD 4AC 22:5-20. Defendants further argued that "[t]here is no basis to allege the violation of the cross-offer statute as an implied term because the alleged violation would have to

OPPOSITION OF THE PLAINTIFF CLASS TO                          NO.  4:15-CV-00313-DMR
DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

be before the contract was formed, not after" and that "[t]his is fatal to the claim." *Id*. As in *Murphy v. Olly* and *Lin v JP Morgan Chase*, the UCL unfair and unlawful claims here are more certain to succeed than the legal claim.

**III.    CONCLUSION**

For the reasons stated above, this Court should deny Defendants' Motion.

Dated: June 17, 2025                    By:      */s/ Michael F. Ram*
                                                 Michael F. Ram, SBN 104805
                                                 mram@forthepeople.com
                                                 Marie N. Appel, SBN 187483
                                                 mappel@forthepeople.com
                                                 Colin G. Losey, SBN 352223
                                                 colin.losey@forthepeople.com
                                                 Abraham Barkhordar, SBN 359425
                                                 abarkhordar@forthepeople.com
                                                 MORGAN & MORGAN
                                                 COMPLEX LITIGATION GROUP
                                                 711 Van Ness Avenue, Suite 500
                                                 San Francisco, CA 94102
                                                 Telephone: (415) 846-3862
                                                 Facsimile: (415) 358-6923

                                                 Jeffrey B. Cereghino, SBN 99480
                                                 jbc@cereghinolaw.com
                                                 CEREGHINO LAW GROUP LLP
                                                 739 Bryant Street
                                                 San Francisco, CA 94107
                                                 Telephone: (415) 433-4949

                                                 W. Craig Bashein, Admitted Pro Hac Vice
                                                 John P. Hurst, Of Counsel,
                                                 Admitted Pro Hac Vice
                                                 BASHEIN & BASHEIN CO., L.P.A.
                                                 Terminal Tower
                                                 35th Floor, 50 Public Square
                                                 Cleveland, Ohio 44113
                                                 Telephone: (216) 771-3239

                                                 *Attorneys for Plaintiffs and the Class*

OPPOSITION OF THE PLAINTIFF CLASS TO                          NO.  4:15-CV-00313-DMR
DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS